STATE v. WELCH.

(Filed December 20, 1901.)

1. INDICTMENT—*Proviso—Negatived—Statutes.*

A proviso in a statute withdrawing a certain class from the operation of the statute need not be negatived in an indictment.

2. PHYSICIANS AND SURGEONS—*Indictment—Acts 1889, Ch. 181, Sec. 5.*

An indictment for practicing medicine without license need not charge that it was done for fee or reward.

3. INDICTMENT—*Physicians and Surgeons—Practicing Without License.*

It is sufficient to charge that a person wilfully and unlawfully practiced or attempted to practice medicine or surgery.

4. INDICTMENT—*Physicians and Surgeons—Practicing Without License.*

It is not necessary to allege in an indictment for practicing medicine without license that the defendant failed to "register and obtain" license, but it is sufficient to allege the failure to obtain license.

5. PHYSICIANS AND SURGEONS—*Obstetrics.*

The practice of obstetrics comes within the statute forbidding practicing medicine without license.

INDICTMENT against J. L. Welch, heard by Judge *George A. Jones* and a jury, at August Term, 1901, of the Superior Court of MACON County. From a verdict of guilty and judgment thereon, the defendant appealed. ·

*Brown Shepherd,* for *Robert D. Gilmer, Attorney-General,* for the State.

*J. F. Ray,* for the defendant.

CLARK, J.    The defendant is indicted for practicing medicine or surgery without license.    The bill is drawn under section 5, Chapter 181, Laws 1889, and is a *verbatim* copy of the indictment which was sustained in *State v. VanDoran,* 109 N. C., 864.    The defendant moved to quash the bill, and also in arrest of judgment, because:

1. It did not negative the provision of the statute allowing persons to pursue the avocation of midwifery.

2. The bill fails to allege the defendant practiced for "fee or reward."

3. The bill alleges defendant "unlawfully and wilfully did practice or attempt to practice medicine or surgery," and the offense of practicing and attempting to practice are so distinct that the charge is not 'set forth in "a plain, intelligent and explicit manner."

4. That the words "register and obtain" license should be in the bill, and not merely a failure to obtain license.

The motion being overruled, the defendant excepted.    The provision as to the exception of "women practicing as midwives" is in the *proviso,* and instead of constituting a part of the offense, withdraws a certain. class from its operation. Hence, the bill need not negative the defendant belonging to that class.    That would be a matter of defense, and, indeed, it affirmatively appears in the evidence that the defendant is not a woman.

This statute does not contain the words "without fee or reward."    The first two exceptions are passed upon and denied in *State v. Call,* 121 N. C., 643.    The third exception is fully discussed and held invalid in *State v. VanDoran, supra.*    The words excepted to in the fourth ground of defendant's motion are copied from the bill in VanDoran's case, which was cited again in *State v. Call, supra,* which case says "an approved form of indictment under the act of 1889 may be found in *State v. VanDoran."*    Indeed, as the

bill charges that the defendant did not exhibit to the Clerk the license, nor make the oath necessary to procure registration, and did practice, "not then and there having obtained from said Clerk of the Court a certificate of registration," it certainly charges that the defendant "did not register and obtain license."

The evidence was uncontradicted that the defendant practiced obstetrics. The defendant offered no evidence, and requested the Court to charge the jury "that the practice of obstetrics was not in any sense the practice of medicine or surgery." This the Court refused, and told the jury, if they believed the evidence, to find the defendant guilty. In this, also, there was

No Error.