## STATE v. W. T. LOESCH.

### (Filed 29 April, 1953.)

**1. Physicians and Surgeons § 8—**

> In a prosecution for the unauthorized practice of medicine, an indictment following the language of G.S. 90-18 is sufficient, and is not subject to quashal for failure to show on its face a compliance with G.S. 90-21, since G.S. 90-21 merely establishes a method whereby the Board of Medical Examiners may procure an investigation by the Attorney-General with respect to alleged violations of sections G.S. 90-18 to G.S. 90-20, but does not require any such action before a criminal prosecution may be instituted for a violation of these statutes.

**2. Indictment and Warrant § 9—**

> An indictment for a statutory offense which charges the offense in the language of the Act or specifically sets forth facts constituting the offense so that it appears upon its face to be framed upon the statute, is sufficient.

**3. Same—**

> An indictment will not be quashed for mere informality or for minor defects which do not affect the merits of the case, but an indictment will be held sufficient if it charges the offense in a plain, intelligible and explicit manner and contains sufficient matter to enable the court to proceed to judgment.   G.S. 15-153.

**4. Solicitors § 3:  State § 1a—**

> A solicitor is a constitutional officer charged with the duty of prosecuting all criminal actions in the Superior Courts, Constitution of North Carolina, Art. IV, sec. 23 ; G.S. 7-43, and the Attorney-General has no constitutional authority to issue a directive to a solicitor concerning his legal duties, but may advise him in regard thereto.  Constitution of North Carolina, Art. III, sec. 18 ; G.S. 114-2.

APPEAL by the State from *Crisp, Special Judge,* January Term, 1953, of MECKLENBURG.

Criminal prosecution upon an indictment charging the defendant with violating G.S. 90-18, which reads in pertinent part as follows :

"No person shall practice medicine . . . nor in any case prescribe for the cure of diseases unless he shall have been first licensed and registered so to do in the manner prescribed in this article . . .

"Any person shall be regarded as practicing medicine or surgery within the meaning of this article who shall diagnose or attempt to diagnose,

treat or attempt to treat any human ailment, physical or mental, or any physical injury to or deformity of another person: . . ."

Before pleading to the bill of indictment the defendant filed a motion to quash on the ground that the indictment is defective in that it does not show on its face a compliance with the following provisions of G.S. 90-21:

"In case of the violation of the criminal provisions of G.S. 90-18 to 90-21, the Attorney General of the State of North Carolina, upon complaint of the Board of Medical Examiners of the State of North Carolina, shall investigate the charges preferred, and if in his judgment the law has been violated, he shall direct the solicitor of the district in which the offense was committed to institute a criminal action against the offending persons. . . ."

The motion was allowed and the State appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State, appellant.*

*Welling & Welling for defendant, appellee.*

DENNY, J.   The bill of indictment follows the language of the statute and is sufficient in form to charge a violation of the provisions of G.S. 90-18.   In fact, its sufficiency is not challenged except upon the ground that it fails to disclose that the Board of Medical Examiners of the State of North Carolina complained to the Attorney-General about the conduct of the defendant; that the Attorney-General conducted an investigation and directed the Solicitor to institute an action against the defendant.

The defendant contends that a strict compliance with the procedure outlined in G.S. 90-21, is a prerequisite to any prosecution for the violation of sections 90-18 to 90-20 of our General Statutes, and that a bill of indictment charging a violation of any of such sections must show upon its face that there has been a compliance with the provisions of G.S. 90-21. The contention is without merit.   It would be unnecessary to include these averments as a prerequisite to the validity of a bill of indictment charging a violation of G.S. 90-18, even though the prosecution was instituted pursuant to a complaint filed by the Board of Medical Examiners with the Attorney-General.

"An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting the same." *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, 131 A.L.R. 143; *S. v. Mooney,* 173 N.C. 798, 92 S.E. 610; *S. v. Welch,* 129 N.C. 579, 40 S.E. 120; *S. v. Van Doran,* 109 N.C. 864, 14 S.E. 32.

However, we no longer sustain motions to quash for mere informality or minor defects which do not affect the merits of the case. *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604; *S. v. Hardee,* 192 N.C. 533, 135 S.E. 345. All that we require in a bill of indictment is for it to be sufficient in form to express the charge against the defendant in a plain, intelligible and explicit manner and to contain sufficient matter to enable the court to proceed to judgment. G.S. 15-153; *S. v. Ratliff,* 170 N.C. 707, 86 S.E. 997; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Davenport, supra; S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; *S. v. Stone,* 231 N.C. 324, 56 S.E. 2d 675.

In the case of *S. v. Baker,* 229 N.C. 73, 48 S.E. 2d 61, we upheld a conviction upon an indictment charging a violation of G.S. 90-18 and G.S. 90-19. The record did not reveal any action by the Board of Medical Examiners or the Attorney-General. The bill of indictment followed the language of the statutes. A motion to quash for indefiniteness was overruled in the trial court and we approved.

The case of *Committee on Grievances of Bar Association v. Strickland,* 200 N.C. 630, 158 S.E. 110, relied upon by the defendant, involved a prescribed statutory procedure for the disbarment of an attorney for alleged improper conduct. The factual situation there is clearly distinguishable from that presented on this appeal.

The provisions of G.S. 90-21 merely establish a method whereby the Board of Medical Examiners of the State of North Carolina may procure an investigation by the Attorney-General with respect to alleged violations of sections 90-18 to 90-20 of our General Statutes. When the Medical Board files a complaint with the Attorney-General pursuant to the provisions of G.S. 90-21, it then becomes his duty to investigate the charges preferred, and if in his judgment the law has been violated, to request the Solicitor of the district in which the offense was committed to institute a criminal action against the offending person or persons. There is nothing in Chapter 90 of our General Statutes which requires the Board of Medical Examiners or the Attorney-General to take any action before a criminal prosecution may be instituted against a person for violating the criminal provisions of General Statutes, sections 90-18 to 90-20.

Furthermore, there is nothing in Chapter 90 of the General Statutes which would or could deprive the solicitor of his constitutional authority and sworn duty to prosecute violations of the criminal laws of the State. Article IV, Section 23, of our State Constitution provides for the division of the State into solicitorial districts, for each of which a solicitor shall be elected by the qualified voters thereof, "who shall . . . prosecute on behalf of the State in all criminal actions in the Superior Courts, and advise the officers of justice in his district." The duty to prosecute all

criminal actions in the Superior Courts is likewise enjoined upon the several solicitors by G.S. 7-43.

The Attorney-General and the several solicitors of the State are constitutional officers and their duties are set forth in the Constitution and the statutes. In Article III, Section 18, of the Constitution of North Carolina, the General Assembly is authorized and empowered "to create a Department of Justice under the supervision and direction of the Attorney General, and to enact suitable laws defining the authority of the Attorney General and other officers and agencies concerning the prosecution of crime and the administration of the criminal laws of the State."

Pursuant to the above authority, the General Assembly enacted G.S. 114-2 prescribing the duties of the Attorney-General. Subsection 4 of this section reads as follows: "To consult with and advise the solicitors, when requested by them, in all matters pertaining to the duties of their office." Therefore, the duty of the Attorney-General in so far as it extends to the solicitors of the State is purely advisory. The Attorney-General has no constitutional authority to issue a directive to any other constitutional officer concerning his legal duties.

The ruling of the court below is

Reversed.