STATE OF NORTH CAROLINA v. DONALD GENE PHILLIPS

No. 8328SC699

(Filed 17 April 1984)

**Weapons and Firearms § 2— indictment for possession of dangerous weapon while prisoner**

> An indictment for unauthorized possession of a dangerous weapon while a prisoner was not fatally defective because it alleged that the weapon was capable of inflicting "bodily injury" rather than "*serious* bodily injury" where the indictment alleged that the weapon was a pocket knife and that the weapon was used to inflict serious injury upon a fellow prisoner.

APPEAL by defendant from *Lewis, Robert D., Judge.* Judgment entered 5 January 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 18 January 1984.

While an inmate at the Craggy Prison Unit in Buncombe County, defendant had a fight with another prisoner and stabbed him with a knife. Two serious wounds requiring long hospitalization and surgery were inflicted, in addition to several cuts. Defendant was charged with assault with a deadly weapon with intent to kill, inflicting serious injury, and unauthorized possession of a dangerous weapon while a prisoner. Upon being tried defendant was acquitted of the first charge, but convicted of the second.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

PHILLIPS, Judge.

Defendant first contends that the indictment was fatally defective and thus the court was without jurisdiction to proceed to judgment. In pertinent part, G.S. 14-258.2, the law that he allegedly violated, reads as follows:

Any person while in the custody of the Division of Prisons, or any person under the custody of any local confinement facility as defined in G.S. 153A-217, who shall have in his possession without permission or authorization a weapon capable of inflicting serious bodily injuries or death . . . shall be guilty of a misdemeanor. . . .

The indictment couched thereon, in pertinent part, was as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 24th day of September, 1982, in Buncombe County Donald Gene Phillips, aka Donnie Phillips unlawfully and wilfully did feloniously possess one pocket knife while in the custody of the Division of Prisons, without permission or authorization, a weapon capable of inflicting bodily injury and using said weapon to inflict serious injury upon Franklin C. Leonard. This is in violation of the following law: G.S. 14-258.2.

The fatal defect, according to defendant, is that whereas the crime consists of possessing a weapon "capable of inflicting *serious* bodily injury," the indictment alleges only that a weapon "capable of inflicting bodily injury" was possessed, which no statute forbids. But this deficiency was supplied elsewhere in the indictment. The allegation that the weapon possessed was used "to inflict serious injury upon Franklin C. Leonard" necessarily included the fact that the weapon was capable of inflicting such injury. An indictment is sufficient if it charges the statutory offense either in the language of the statute or specifically sets forth the acts constituting the offense. *State v. Loesch,* 237 N.C. 611, 75 S.E. 2d 654 (1953). Furthermore, by specifying that the weapon possessed was a pocket knife the indictment notified defendant that the weapon was capable of inflicting not only serious injuries, but lethal ones as well. *State v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84 (1967).

The defendant's two other assignments of error cannot be considered, since they are based on exceptions that the record shows were not properly taken. Rule 10, N.C. Rules of Appellate Procedure.

No error.

Judges WELLS and BRASWELL concur.