MAJEBE v. NORTH CAROLINA BOARD OF MEDICAL EXAMINERS

[106 N.C. App. 253 (1992)]

Judge WELLS concurring in the result.

Judge WELLS concurring in the result.

On the issue of trustworthiness, I find it difficult to distinguish this case from *State v. Stutts*, 105 N.C. App. 557, 414 S.E.2d 61 (1992). Because the defendant did not object to the testimony of the victim's mother and Dr. Wells, I concur in the result.

---

M. C. MAJEBE, INDIVIDUALLY, AND AS THE SOLE PROPRIETOR OF THE CHINESE ACUPUNCTURE AND HERBOLOGY CLINIC, AND SUSAN HICKERSON, FRANCES KELLY, MATILANN THOMS, CINDA DOBBS, BOB JAMES AND WIFE, BECKY JAMES, TOM AND CINDY REDINGER, AND WILL RUGGLES, PLAINTIFFS-APPELLANTS v. THE NORTH CAROLINA BOARD OF MEDICAL EXAMINERS, EBEN ALEXANDER, JR., M.D., JOHN THOMAS DANIEL, JR., M.D., HAROLD L. GODWIN, M.D., HECTOR HIMEL HENRY, II, M.D., JOHN WESLEY NANCE, M.D., F. M. SIMMONS PATTERSON, JR., M.D., NICHOLAS STRATAS, M.D., AND KATHRYN HOWELL WILLIS, NOT INDIVIDUALLY BUT IN THEIR OFFICIAL CAPACITY, THE HONORABLE LACY THORNBURG, AS ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA AND A MEMBER OF THE COUNCIL OF STATE; ROBERT MORGAN, AS AN EMPLOYEE OF THE DEPARTMENT OF JUSTICE AND DIRECTOR OF THE STATE BUREAU OF INVESTIGATION, AND ROBERT B. KAISER, AS AN AGENT OF THE STATE BUREAU OF INVESTIGATION, AND INDIVIDUALLY, DEFENDANTS-APPELLEES

No. 9028SC1335

(Filed 19 May 1992)

1. **Physicians, Surgeons, and Allied Professions § 1 (NCI3d) — acupuncturist and naturopath — practicing medicine without a license — declaratory judgment action regarding investigation — no actual controversy**

The trial court properly granted summary judgment for defendants on plaintiffs' action for declaratory relief regarding a criminal investigation of plaintiff Majebe for the unauthorized practice of medicine where the trial court determined that plaintiffs had failed to forecast a controversy regarding referral to the local district attorney. The Board of Medical Examiners followed the language of N.C.G.S. § 90-21 and referred to defendant Attorney General the information it had obtained concerning plaintiff Majebe; the Attorney General then complied with the language of the statute and initiated

MAJEBE v. NORTH CAROLINA BOARD OF MEDICAL EXAMINERS

[106 N.C. App. 253 (1992)]

the investigation; and there is nothing in the statute ·that requires the Board to refer alleged violations to the district attorney instead of to the Attorney General.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 42, 127.

Acupuncture as illegal practice of medicine. 72 ALR3d 1257.

2. Declaratory Judgment Actions § 7 (NCI4th)— acupuncturist and naturopath — practicing medicine without license — declaratory judgment action regarding investigation — validity of search warrant — no actual controversy

The trial court properly granted summary judgment for defendants on plaintiffs' action for declaratory relief regarding a criminal investigation of plaintiff Majebe for practicing medicine without a license where the trial court determined that there was no controversy appropriate for a declaratory judgment. Plaintiff challenged a search which had already occurred, not a statute which authorized the search, and it was not clear that plaintiff would be subjected to a search in the future.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 42, 127.

Acupuncture as illegal practice of medicine. 72 ALR3d 1257.

3. Physicians, Surgeons, and Allied Professions § 1 (NCI3d)— acupuncturist and naturopath — practicing medicine without license — investigation — no violation of 42 U.S.C. 1983

The trial court did not err by granting summary judgment in favor of defendants in an action for declaratory relief regarding a criminal investigation for practicing medicine without a license where plaintiffs alleged violations of 42 U.S.C. 1983. It is clear from the Court's decision in *In re Guess*, 327 N.C. 46, that there exists no protected privacy right to practice unorthodox medical treatment.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 42, 127.

Acupuncture as illegal practice of medicine. 72 ALR3d 1257.

4. **Searches and Seizures § 19 (NCI3d)— acupuncturist and naturopath—practicing medicine without license—investigation—not an illegal search**

The trial court properly granted summary judgment for defendants in an action in which plaintiffs sought declaratory relief from a criminal investigation for practicing medicine without a license where plaintiffs contended that plaintiff Majebe's right to be free from illegal searches and seizures under the fourth amendment was violated. The SBI agent relied upon a memorandum from the Attorney General's office, a detailed letter from the Board of Medical Examiners to the Attorney General, and published advertisements when applying for the warrant to search the clinic. The agent also interviewed a man who had taken his wife to the clinic for treatment.

**Am Jur 2d, Searches and Seizures §§ 64-70.**

5. **Physicians, Surgeons, and Allied Professions § 1 (NCI3d)— acupuncturist and naturopath—practicing medicine without a license—no selective enforcement**

The trial court properly granted summary judgment for defendants in an action for declaratory relief from a criminal investigation for practicing medicine without a license where plaintiffs contended that defendants selectively enforced N.C.G.S. § 90-18. Plaintiff Majebe did not allege a pattern of intentional discrimination and did not assert that defendants relied upon an invidious classification such as race, religion, or national origin.

**Am Jur 2d, Declaratory Judgments § 71.**

6. **Trespass § 1 (NCI3d)— practicing medicine without license— search of office—not a trespass**

The trial court did not err by granting summary judgment for defendant Kaiser on a civil action for trespass arising from a criminal investigation of plaintiff Majebe for practicing medicine without a license. The entry in the case at bar was a permitted entry since defendant Kaiser conducted the search pursuant to a search warrant issued by an impartial magistrate.

**Am Jur 2d, Searches and Seizures § 19.**

### 7. Privacy § 1 (NCI3d) — acupuncturist and naturopath — investigation — no invasion of patient's privacy

The trial court did not err by dismissing plaintiffs' invasion of privacy claims based on seizure of records and their right to obtain treatment by acupuncture. North Carolina has recognized no fundamental right to receive unorthodox medical treatment, and state regulation of the medical profession is a legitimate exercise of the police power.

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 27.**

APPEAL by plaintiffs from order entered 24 September 1990 in BUNCOMBE County Superior Court by *Judge Robert D. Lewis.*

*Ronald W. Howell, P.A., by Ronald W. Howell, for plaintiffs-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael Weddington and Susan M. Parker, and McGuire, Wood & Bissette, P.A., by Joseph P. McGuire, for defendant-appellee Board of Medical Examiners.*

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General James J. Coman and Assistant Attorney General David F. Hoke, for defendants-appellees Thornburg, Morgan, and Kaiser.*

WYNN, Judge.

M.C. Majebe is an acupuncturist, naturopath, and the sole proprietor and owner of the Chinese Acupuncture and Herbology Clinic located in Buncombe County. Pursuant to N.C. Gen. Stat. § 90-21 (1990), the Board of Medical Examiners of the State of North Carolina, on 2 January 1990, requested the Attorney General to investigate Ms. Majebe, regarding her possible violation of N.C. Gen. Stat. § 90-18 (1990), which prohibits the unauthorized practice of medicine. Assistant Attorney General Martha K. Walston initiated an investigation of plaintiff Majebe by the State Bureau of Investigation.

Upon affidavit of defendant Special Agent Robert Kaiser, a search warrant for Ms. Majebe's Clinic was issued on 5 June 1990. The search was conducted pursuant to this warrant, and patient files, financial records, and diplomas were seized.

Ms. Majebe and her patients requested injunctive and declaratory relief and damages regarding the criminal investigation of plaintiff Majebe for the practice of medicine without a license. From the summary judgment dismissing their complaint, Majebe and her patients appealed. All records have been returned to plaintiff Majebe, and she continues to practice acupuncture, herbology, and naturopathy without a medical license.

## I. *Declaratory Judgment*

[1] In their first assignment of error, plaintiffs contend that the trial court erred in granting summary judgment in favor of the North Carolina Board of Medical Examiners and its individual members (hereinafter "Board") and defendants Thornburg, Morgan and Kaiser. The trial judge determined that plaintiffs, in seeking two declarations, failed to forecast a controversy within the purview of the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 (1983).

A trial court has jurisdiction to render a declaratory judgment only when the complaint shows the following:

(1) that a real controversy exists between or among the parties to the action;

(2) that such controversy arises out of opposing contentions of the parties, made in good faith, as to the validity or construction of a statute, . . . ; and

(3) that the parties to the action have or may have legal rights, or are or may be under legal liabilities which are involved in the controversy, and may be determined by a judgment or decree in the action . . . .

*Carolina Power and Light Co. v. Iseley*, 203 N.C. 811, 820, 167 S.E.2d 56, 60 (1933). *See also Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E.2d 25 (1986). An actual controversy exists when litigation arising out of conflicting contentions as to rights and liabilities appears unavoidable. *Gaston Board of Realtors, Inc. v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984).

The first of the two declarations sought by plaintiffs was whether the Board was required to refer the information concerning Majebe to the local district attorney under N.C. Gen. Stat. § 90-21 when it found a violation of N.C. Gen. Stat. § 90-18. For the reasons

which follow, we find no merit to plaintiffs' argument that an actual controversy existed respecting this issue.

In *State v. Loesch*, 237 N.C. 611, 75 S.E.2d 654 (1953), defendant was prosecuted for practicing medicine without a license in violation of N.C. Gen. Stat. § 90-18. Defendant sought to quash the bill of indictment on the basis of the State's failure to comply strictly with the provisions of section 90-21. Section 90-21 provides, in pertinent part,

> In case of the violation of the criminal provisions of G.S. 90-18, the Attorney General of the State of North Carolina, upon complaint of the Board of Medical Examiners of the State of North Carolina, shall investigate the charges preferred, and if in his judgment the law has been violated, he shall direct the district attorney of the district in which the offense was committed to institute a criminal action against the offending persons.

N.C. Gen. Stat. § 90-21. The *Loesch* Court determined that the procedures in section 90-21 "merely establish a method whereby the Board of Medical Examiners of the State of North Carolina may procure an investigation by the Attorney-General with respect to alleged violations of sections 90-18 to 90-20 of our General Statutes." *Loesch*, 237 N.C. at 613, 75 S.E.2d at 656.

In the instant case, the Board followed the language of section 90-21 and referred to defendant Attorney General the information it had obtained concerning Ms. Majebe. The Attorney General then complied with the language of the statute and initiated the investigation of plaintiff Majebe by the Diversion Investigative Unit of the State Bureau of Investigation. As *Loesch* indicates, there is nothing in the language of section 90-21 which requires the Board to refer alleged violations of section 90-18 to the district attorney instead of to the Attorney General. Since there was no controversy regarding section 90-21, we hold that the trial court properly granted summary judgment in favor of defendants on plaintiffs' claim for declaratory relief.

[2] Plaintiff Majebe sought a second declaration as to the validity of the search of her office, urging the trial court to declare the search warrant invalid and direct the return of her property. Plaintiff argued that the warrant failed to meet the requirement of particularity, the information in the affidavit was stale, and the

statements in the affidavits were conclusions of law. We also agree with the trial court's decision to grant summary judgment in favor of defendants on this issue.

In *Adams v. Dep't of N.E.R.*, 295 N.C. 683, 249 S.E.2d 402 (1978), plaintiffs challenged the constitutionality of a statute which allegedly authorized warrantless searches. Our Supreme Court found that there was no controversy because the plaintiffs had not been subjected to actual searches. *Id.* at 705, 249 S.E.2d at 415. Plaintiff in the instant case contends that the *Adams* decision implies that a declaratory judgment is appropriate after a search has occurred. We find no merit to this argument. In *Adams*, plaintiffs were not challenging the validity of a search but rather the statute which authorized the search. There was no controversy because it was not clear that plaintiffs would be subjected to a search in the future. Plaintiff in the case at bar challenges a search, not a statute which authorizes a search, and the search already has occurred. There simply is no controversy appropriate for a declaratory judgment. If, in the future, plaintiff is prosecuted by the State, that proceeding will be the proper forum to challenge the search. Accordingly, we find the plaintiff's assignment of error to be without merit.

## II. *42 U.S.C. § 1983*

[3] Plaintiffs further contend that the trial court committed prejudicial error in granting summary judgment in favor of defendants on their claims for relief pursuant to 42 U.S.C. § 1983, based on the violation of plaintiff Majebe's rights. The rights allegedly violated by defendants include an illegal search and seizure, invasion of privacy, and selective enforcement of the provisions of the Medical Practice Act. We disagree.

Section 1983 affords the claimant a civil remedy for a deprivation of federally protected rights by persons acting under the color of state law. In pertinent part, section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cause of action under section 1983, a claimant must allege an intentional deprivation of a protected right. *Rizzo v. Goode*, 423 U.S. 362, 46 L.Ed.2d 561 (1976).

In the case of *In re Guess*, 327 N.C. 46, 393 S.E.2d 833 (1990), *cert. denied*, --- U.S. ---, 112 L.Ed.2d 774 (1991), the Board of Medical Examiners conditionally revoked a physician's license for administering homeopathic medical treatments to his patients. Our Supreme Court held that the Board's decision did not invade the physician's privacy right by invading his right to select his method of practice: " '[T]here is no right to practice medicine which is not subordinate to the police power of the states.' " *Id.* at 57, 393 S.E.2d at 839 (quoting *Lambert v. Yellowsley*, 272 U.S. 581, 596, 71 L.Ed. 422, 429 (1926) ). It is clear from the Court's decision in *Guess* that there exists no protected privacy right to practice unorthodox medical treatment, here acupuncture.

[4] Plaintiffs also argue that plaintiff Majebe's right to be free from illegal searches and seizures under the fourth amendment was violated. We disagree. Agent Kaiser relied upon a memorandum from the Attorney General's office regarding the investigation of Ms. Majebe, a detailed letter from the Board to the Attorney General, and published advertisements for the Chinese Acupuncture & Herbology Clinic when applying for the warrant to search the Clinic. Kaiser also interviewed Mr. John Voda who confirmed that he took his wife to the office of Ms. Majebe for treatment of insomnia and a nervous condition. In the opinion of this Court, there was sufficient evidence from which the trial court could conclude that there were no genuine issues of material fact regarding the violation of Majebe's fourth amendment rights.

[5] Finally, as to plaintiffs' contention that defendants selectively enforced the provisions of N.C. Gen. Stat. § 90-18, we agree with the trial court's decision to grant summary judgment in favor of defendants. In order to show selective prosecution, this Court has stated the following:

> The generally recognized two-part test to show discriminatory selective prosecution is (1) the defendant must make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not; (2) upon satisfying (1) above, he must demonstrate that the discriminatory selection for prosecution was invidious and done in bad faith in that it rests upon such impermissible

considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*State v. Howard,* 78 N.C. App. 262, 266-67, 337 S.E.2d 598, 601-02 (1985), *disc. review denied,* 316 N.C. 198, 341 S.E.2d 581 (1986). As stated repeatedly by our Supreme Court, a party alleging selective enforcement must present evidence of a pattern of discrimination, " 'an evil eye and an unequal hand.' " *Grace Baptist Church v. City of Oxford,* 320 N.C. 439, 445, 358 S.E.2d 372, 376 (1987) (quoting *Yick Wo v. Hopkins,* 118 U.S. 356, 373-74, 30 L.Ed. 220, 227 (1886) ). Our Supreme Court has rejected the following argument:

> He complains that he has been singled out for prosecution; that others have been guilty of unethical conduct who have not been punished or who have not received as severe punishment as did he, and, in effect, because all have not been prosecuted and punished, he should not be.
>
> . . .
>
> This is equivalent to the position that until all murderers, robbers, and other criminals have been convicted and punished, the remainder, even though their guilt is clearly established, should not be either. The fallacy of this position is apparent from a statement of his contentions.

*State Bar v. Frazier,* 269 N.C. 625, 636, 153 S.E.2d 367, 374, *cert. denied,* 389 U.S. 826, 19 L.Ed.2d 81 (1967).

In the case at bar, plaintiff Majebe alleged no pattern of intentional discrimination by any of the defendants. Furthermore, plaintiff did not assert that defendants relied upon an invidious classification such as race, religion, or national origin. We, therefore, find that the trial court did not err in granting summary judgment in favor of defendants on this issue.

### III. *Trespass*

**[6]** Plaintiff Majebe further assigns error to the trial court's order granting summary judgment in favor of defendant Kaiser on her claim for trespass against Kaiser.

The civil action of trespass to land protects the possessory interest in land from unpermitted physical entry. *See e.g., Paris v. Carolina Portable Aggregates, Inc.,* 271 N.C. 471, 157 S.E.2d 131 (1967); *Wall v. Trogdon,* 249 N.C. 747, 107 S.E.2d 757 (1959).

The entry in the case at bar, however, was a permitted entry since defendant Kaiser conducted the search pursuant to a search warrant issued by an impartial magistrate. Kaiser's failure to execute the warrant would have constituted a dereliction of duty. We find, therefore, that the plaintiff's assignment of error is meritless.

## IV. *Invasion of Privacy*

[7] Finally, the patient plaintiffs contend that the trial court committed error in dismissing their claims for invasion of privacy based on the seizure of their records and on their right to obtain treatment by acupuncture. We disagree.

Plaintiffs urge this Court to follow the Southern District of Texas' decision in *Andrews v. Ballard*, 498 F. Supp. 1038 (S.D. Texas 1980), in which plaintiffs challenged provisions of the Texas Medical Practice Act as applied to the practice of acupuncture by maintaining that the constitutional right of privacy encompasses the decision to obtain medical treatment. *Id.* at 1039. The *Andrews* Court agreed with plaintiffs and held that there was a "constitutional right, encompassed by the right of privacy, to decide to obtain acupuncture treatment." *Id.* at 1057.

The North Carolina Supreme Court's decision in *Guess*, however, controls this issue. With respect to the practice of homeopathy, Dr. Guess argued that the Board's decision invaded his patients' privacy rights. Our Supreme Court rejected this argument and stated that "we have recognized no fundamental right to receive unorthodox medical treatment, and we decline to do so now." *Guess*, 327 N.C. at 57, 393 S.E.2d at 840. The *Guess* Court further held that state regulation of the medical profession is a legitimate exercise of the police power. *Id.* at 57, 393 S.E.2d at 839.

In the case at bar, we are bound by the *Guess* decision and choose not to adopt the disfavored view expounded by the *Andrews* Court. *See New York State Ophthalmological Soc. v. Bowen*, 854 F.2d 1379 (D.C. Cir. 1988), *cert. denied*, 490 U.S. 1098, 104 L.Ed.2d 1003 (1989); *Rutherford v. U.S.*, 616 F.2d 455 (10th Cir.), *cert. denied*, 449 U.S. 937, 66 L.Ed.2d 160 (1980); *Jacob v. Curt*, 721 F. Supp. 1536 (D.R.I. 1989), *aff'd*, 898 F.2d 838 (1st Cir. 1990). We, therefore, find no error in the trial court's dismissal of plaintiffs' claims.

We have examined plaintiffs' remaining assignments of error and find them to be without merit. Accordingly, the order of the trial court is,

Affirmed.

Judges WELLS and PARKER concur.