**RUSSO, Board of Real Estate Examiners, In re.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24414.   Decided May 8, 1958.

440

Lawrence & Bates, for appellant.

William J. Saxbe, Atty. Genl., Joseph A. Marchese, Asst. Atty Genl., for appellee.

## OPINION

By HURD, J.

This case is appealed to this court on questions of law from a judgment of the Court of Common Pleas in favor of the Board of Real Estate Examiners of the State of Ohio and against the appellant, Nick Russo, who was denied admission to an examination for a broker's license.

The case was submitted upon an agreed statement of facts, the substance of which sets forth that the appellant attended Griswold Institute of Cleveland, Ohio, and received a passing grade in each of two separate real estate courses not taken concurrently; that Griswold Institute is not a college or university nor is it approved by the Department of Education as is required by §4735.07 R. C. In the statement of facts, the appellant lays no claim to any previous experience of any kind whatsoever in the real estate business, but on the contrary, relies solely upon educational qualifications.

The sole question presented is whether §4735.07 R. C., as amended September 20, 1955, is constitutional. It is the claim of the appellant that the amendment is unconstitutional. The relevant parts of said amendment read as follows:

"If the state board of real estate examiners is satisfied that the applicant for a brokers license * * * has had at least one year's experience full time in real estate business or service, or has been associated as a real estate salesman with a licensed real estate broker for at least one year and has had sufficient experience as a licensed salesman to the satisfaction of the board, to qualify him for the broker's examination,

or in lieu of such experience or service, furnished a certificate that he has received a passing grade in each of two separate real estate courses approved by the state board of real estate examiners, not taken concurrently, in a college or university approved by the department of education, or has had other real estate experience equivalent thereto at the discretion of the board * * * it shall admit the applicant * * * to an examination which shall be conducted under the rules prescribed by the board * * *"

It will be observed that the statute as amended provides the following alternative methods to qualify for a broker's examination: 1) that the applicant has had at least one year's experience full time in real estate business or service, 2) has been associated as a real estate salesman with a licensed real estate broker for at least one year and has had sufficient experience as a licensed salesman to the satisfaction of the board to qualify him for the broker's examination, 3) has had other real estate experience equivalent thereto at the discretion of the board, and 4) in lieu of such experience or service, has furnishd a certificate that he has received a passing grade in each of two separate real estate courses approved by the state board of real estate examiners, not taken concurrently, in a college or university approved by the department of education.

The Griswold Institute is not a party to this action, consequently, any rights or claims of that institution are not before this court for consideration.

The constitutionality of the statute is raised by the appellant who challenges the right of the General Assembly to impose a condition that an applicant for a broker's license who is lacking in experience required by statute must, in lieu thereof, take two separate real estate courses, approved by the Board of Examiners, in a college or university approved by the department of education.

It is the claim of the appellant, as set forth in argument and by way of brief, that the statute is vulnerable to constitutional objections, both federal and state, in that it violates clauses with respect to protection of property, the equal protection of the laws and the fundamental rights and privileges of the people and also that it is not uniform in operation and application.

The appellant further contends that no other state in the United States has such a requirement.

As to this latter proposition, we agree with Judge Corrigan of the Court of Common Pleas, who sets forth in his memorandum opinion filed in this case, that in the State of Michigan the statute has no provision that allows the applicant to take real estate courses at any type of educational institution in lieu of the required experience and further that in the State of New York, it is provided by statute that real estate courses approved by the Secretary of State, are recognized, not in lieu of experience, but as a means of shortening the length of actual experience required from two years to one year (See New York Real Property Law, Sec. 441). The trial judge further states correctly, we think, that the Ohio Legislature apparently saw fit to enact a more lenient statute under which a person totally lacking in actual experience could

apply for a real estate broker's license providing he could submit satisfactory proof that he possessed the necessary educational requirements as defined by the statute.

The statute in question falls into that area of legislation generally understood to be within the police power of the state. It is fundamental that the authority of a state to enact such legislation under its police power is limited by the constitutional requirement of due process of law.

However, in considering legislation enacted under the police power, courts cannot consider the wisdom of the particular statute or its suitability or whether another method would have been more satisfactory to accomplish the desired purpose. Such matters are questions of policy into which courts will not inquire in resolving the problem of whether the legislation in question has encroached upon the various rights guaranteed to individuals by the state and federal constitutions. This was put quite clearly and succinctly by Davis, Judge, in **Phillips v. State of Ohio, 77 Oh St 214, 217, 82 N. E. 1064, 1065,** when he said:

"* * * judicial inquiry is necessarily limited to determining whether a particular regulation is reasonable, impartial and within the limitations of the Constitution. **The legislature is the judge of the mischief and the remedy, and of what shall be state policy, subject to the restrictions just mentioned.**" (Emphasis added.)

And in the case of **State, ex rel. v. Commrs., 124 Oh St 174, 177 N. E. 271,** syllabus 3, provides:

"Whether the purpose to be served by legislation pursuant to the police power of the state bears a reasonable and substantial relation to the public welfare is a justiciable question. **The wisdom of such legislation, the extent of the threatened danger, and the efficacy of the remedy are political questions.**" (Emphasis added.)

To the same effect, see also **Sanning v. City of Cincinnati, 81 Oh St 142, 90 N. E. 125.**

The first question to be answered is whether the statute is actually an exercise of the police power. Although the term, police power, is not susceptible of precise definition, it is generally accepted that an exercise of such power involves the public health, safety, welfare, or morals. Legislation under the police power, by its very nature, constitutes a limitation on the freedom of the individual for the benefit of society as a whole. This being true, it is clear that the constitutions (either state or federal) in their guarantees of individual rights did not intend that such rights were to be unlimited. For instance, the **Ohio Constitution** specifically provides in **Art. 1, Sec. 19** that: "Private property shall ever be held inviolate but subservient to the public welfare." See also **Grown v. City of Cleveland, 125 Oh St 455, 181 N. E. 897.**

In attempting to maintain the delicate balance between individual rights and the public need, the courts of the United States have evolved the following rules as guides in the judicial determination of such conflicts: 1) the purpose of the statute must be within the scope of the police power, 2) the act must be reasonably designed to accomplish this purpose, and 3) the act must not be arbitrary, discriminatory, oppressive, or otherwise unreasonable. **Nebbia v. New York, 291 U. S. 502; 78 L. E.**

940, 54 S. C. 505; City of Dayton v. Kresge Co., 114 Oh St 624, 151 N. E. 775.

In the instant case, the appellant, by way of brief, recognizes that a statute requiring a real estate broker to procure a license is "as a regulatory measure, a proper or reasonable exercise of the police power."

This leaves for consideration the question of the reasonableness of the statute and whether it is arbitrary, oppressive or discriminatory. In considering these questions, we must take into consideration the effect of the statute as a whole. In relation to the reasonableness of the statute, the rule is that if the end or objective in view be legitimate, the statute is reasonable if it bears a real and substantial relation to the accomplishment of such purposes.

In Davis v. State, 118 Oh St 25, 160 N. E. 473, 474, Marshall, C. J., states at page 28:

"* * * In determining the constitutionality of the statute, as measured by the police power, we need only inquire whether this statute is an unreasonable, arbitrary, and oppressive exercise of the police power, and whether it is really designed to accomplish a purpose falling within the scope of the police power. Every reasonable presumption is indulged in favor of its constitutionality, and if the statute bears any reasonable relation to the public welfare and public morals the courts may not declare it to be invalid. To do so would be a clear usurpation of legislative power. * * *"

In Holsman v. Thomas, 112 Oh St 397, 147 N. E. 750, 752, the court had before it for consideration a local police ordinance of the City of Cleveland regulating auctions of jewelry. In upholding the validity of the ordinance, the court, at page 405, quoted from Wessell v. Timberlake, 95 Oh St 21, 116 N. E. 43, Ann. Cas., 1918B, 402, as follows:

"While the right of a state to regulate business, trade or occupation is of much later recognition and development than the right to regulate the rate of interest, it nevertheless is equally well settled today, that, in the interest of the public welfare, business, trades and occupations, may be so regulated as to prevent extortion, fraud, restraint, monopolistic control of products or prices and so on."

It is clear that the statute in question seeks to control the real estate brokerage business by requiring the applicant to secure a license and conditions the granting of such license upon the taking of an examination after meeting certain minimum requirements such as specified periods of experience in the real estate business, or in lieu thereof, a passing grade in each of two separate real estate courses approved by the state board of real estate examiners, not taken concurrently, in a college or university approved by the department of education. It would appear quite reasonable that any applicant lacking the necessary experience, and in fact, lacking any experience whatsoever in the real estate business, should be obliged to meet these simple requirements. Such requirements appear to bear a reasonable and substantial relation to the desired objective, namely, competence of those who aspire to be real estate brokers. The contention that the statute is arbitrary, capricious, oppressive and discriminatory is without merit. All applicants for the examination are treated equally. There is no classification of applicants,

a fortiori, there is no discriminatory treatment of applicants. It follows necessarily that the statute is uniform in application and operation.

It should be noted also that the statute requires all persons applying for a broker's license to be honest, truthful, and of good reputation, to be at least twenty-one years of age, and a citizen of the United States. These, also, are reasonable requirements. Likewise, the provision that the real estate courses to be given in a college or university approved by the department of education must first be approved by the board of real estate examiners is a reasonable requirement because by it, the type and quality of the courses remain under the control of the board which is charged with the responsibility of giving the final examination for the broker's license. Under such circumstances, it cannot reasonably be maintained that the requirement that such courses be given by a college or university is arbitrary, discriminatory, oppressive or that it is not designed to accomplish the desired objective of competence which certainly must be considered a legitimate purpose. There is no provision in the statute that a college degree or even a high school education be required as a preliminary requisite to the taking of such courses of study. Many courses in adult education are given in colleges or universities which neither require an academic degree nor lead to such a degree. This case presents a good example of such adult courses.

Concerning appellant's complaint that the statute requires that the courses approved by the state board of real estate examiners be taken at a college or university approved by the department of education, §§1713.02 and 1713.03 R. C., provide for the issuance of a certificate of authorization to educational institutions which comply therewith. As is apparent from a reading of §1713.02 R. C., this statute applies to institutions granting the usual academic degrees in arts and sciences and the professions. Such institutions. by any definition, would be colleges or universities. The obvious purpose of these sections is to prescribe minimum standards for colleges and universities to insure a higher quality of education. It has been suggested that there is no appreciable benefit to the public gained by requiring the courses to be taken at an educational institution of the college level. This is merely another way of stating that this particular statute is unreasonable. However, as explained above, there is a real and substantial relation between the desired end and the means used to attain that end, and in the absence of discrimination, the statute is constitutional.

The appellant places great reliance upon **State v. Gardner, 58 Oh St** 599, 51 N E. 136, also cited by appellee. In that case, which must be distinguished from the instant case, the Supreme Court grounded its decision upon the fact that the statute in question (plumbing business) operated unequally upon the designated class. In that case discriminatory aspects of the statute are readily apparent on its face. The statute here involved applies equally to all aspirants for real estate broker's licenses.

Upon a full and careful consideration of the statute as amended, it is our conclusion, for the reasons stated, that it does not violate any of the provisions of the federal or state constitutions. Therefore, the

judgment of the Court of Common Pleas is affirmed. Exceptions allowed. Order see journal.

SKEEL, PJ, KOVACHY, J, concur.