SANDHILL AMUSEMENTS, et al., Plaintiffs v. STATE OF NORTH CAROLINA; GOVERNOR BEVERLY PERDUE, in her official capacity; NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, BRYAN E. BEATTY, in his official capacity; ALCOHOL LAW ENFORCEMENT DIVISION; DIRECTOR OF ALCOHOL ENFORCEMENT DIVISION, WILLIAM CHANDLER, in his official capacity, Defendants

No. COA11-301

(Filed 6 March 2012)

### Gambling—sweepstakes—entertaining display—prohibition unconstitutional

An order dismissing a complaint that sought an injunction that its promotional sweepstakes did not violate any North Carolina gaming or gambling law was reversed where N.C.G.S. § 14-306.4, under which plaintiffs' sweepstakes squarely fell, was held to be unconstitutional by *Hest Technologies, Inc. v. State,* No. COA11-459 (Filed 6 March 2012).

SANDHILL AMUSEMENTS, INC. v. STATE EX REL. PERDUE

[219 N.C. App. 362 (2012)]

Judge HUNTER, Robert C. dissents.

Appeal by plaintiffs from order entered 29 November 2010 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 25 October 2011.

*Daughtry, Woodard, Lawrence & Starling, by Kelly K. Daughtry, for plaintiff-appellants.*

*Attorney General Roy Cooper, by Assistant Solicitor General John F. Maddrey and Special Deputy Attorney General Hal F. Askins, for defendant-appellees.*

CALABRIA, Judge.

Sandhill Amusements, Inc., Carolina Industrial Supplies, J & F Amusements, Inc., J & J Vending, Inc., Matthews Vending Co., Patton Brothers, Inc., Trent Brothers Music Co., Inc., S & S Music Co., Inc., Old North State Amusements, Inc., and Uwharrie Fuels LLC (collectively "plaintiffs") appeal the trial court's order which granted defendants' motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief could be granted and dissolved plaintiffs' preliminary injunction. We reverse.

Plaintiffs sell long distance telephone time in retail establishments throughout North Carolina. Plaintiffs' product is marketed through the use of a promotional sweepstakes system.

When plaintiffs' customers make a qualifying purchase of plaintiffs' products, they receive one or more sweepstakes entries. Alternatively, individuals may enter plaintiffs' sweepstakes without purchasing any of plaintiffs' products by completing an entry form available at each retail location. Free entries are not treated any differently than entries accompanying a purchase.

After distributing the sweepstakes entry, the owner or employee of the retail establishment activates a "sweepstakes terminal" on which the sweepstakes player can play a video game. The video game reveals whether the consumer has won the sweepstakes prize.

On 18 March 2009, plaintiffs initiated a declaratory judgment action against defendants in Wake County Superior Court. Plaintiffs sought a declaration that its promotional sweepstakes did not violate any North Carolina gaming or gambling laws which were in effect at that time. Plaintiffs also sought injunctive relief to prevent defendants from attempting to enforce those laws against plaintiffs' sweep-

SANDHILL AMUSEMENTS, INC. v. STATE EX REL. PERDUE

[219 N.C. App. 362 (2012)]

stakes systems. On 2 July 2009, plaintiffs obtained a preliminary injunction prohibiting defendants from taking any enforcement action against plaintiffs for the possession, use, or operation of the sweepstakes system. After the injunction was entered, plaintiffs continued to conduct their promotional sweepstakes.

On 20 July 2010, the North Carolina General Assembly enacted House Bill 80. This legislation amended the North Carolina General Statutes to include a provision which prohibited conducting or promoting any sweepstakes which utilized an "entertaining display." 2010 N.C. Sess. Laws 103 (codified as amended at N.C. Gen. Stat. § 14-306.4 (2011)). Plaintiffs' sweepstakes systems fell squarely within the ambit of the new N.C. Gen. Stat. § 14-306.4.

In response to the enactment of House Bill 80, plaintiffs amended their original complaint to include an allegation that N.C. Gen. Stat. § 14-306.4 was unconstitutional and, in the alternative, that plaintiffs were being selectively prosecuted. On 19 November 2010, defendants filed a motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendants argued that N.C. Gen. Stat. § 14-306.4 was "constitutional in all respects" and that plaintiffs' sweepstakes operations were in violation of that law.

On 29 November 2010, the trial court conducted a hearing on defendants' motion. At the conclusion of the hearing, the trial court determined that N.C. Gen. Stat. § 14-306.4 was constitutional, dismissed plaintiffs' complaint in its entirety, and dissolved plaintiffs' preliminary injunction. The trial court entered a written order memorializing its decision that same day. Plaintiffs appeal.

In a decision filed today in *Hest Technologies, Inc. v. State*, No. COA11-459, ___ N.C. App. ___, ___ S.E.2d ___ (2012), this Court held that "the portion of N.C. Gen. Stat. § 14-306.4 which criminalizes the dissemination of a sweepstakes result through the use of an entertaining display must be declared void, as it is unconstitutionally overbroad." Since N.C. Gen. Stat. § 14-306.4 has been declared void as unconstitutionally overbroad, the trial court's order in the instant case must be reversed.

Reversed.

Judge McGEE concurs.

Judge HUNTER, Robert C. dissents by separate opinion.

SANDHILL AMUSEMENTS, INC. v. STATE ex rel. PERDUE

[219 N.C. App. 362 (2012)]

HUNTER, Robert C., Judge, dissenting.

In reversing the trial court's order the majority relies on *Hest Technologies, Inc. v. State*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, (March 6, 2012) (No. COA 11-459), where this Court held that N.C. Gen. Stat. § 14-306.4 (2011) is void for being unconstitutionally overbroad. In a dissenting opinion in *Hest Technologies*, I concluded N.C. Gen. Stat. § 14-306.4 regulated conduct rather than speech and the statute was not unconstitutionally overbroad. *Id.* at ___, ___ S.E.2d at ___ (Hunter, J., dissenting).

Plaintiffs appeal from the trial court's order granting the State's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief could be granted and dissolving plaintiffs' preliminary injunction against the enforcement of N.C. Gen. Stat. § 14-306.4. Plaintiffs argue section 14-306.4 is an unconstitutional restriction on their freedom of speech, is unconstitutionally vague, and is a violation of their rights to due process and equal protection under our federal and state constitutions. I disagree.

Consistent with my opinion in *Hest Technologies*, I must dissent from the majority's holding in the instant case and conclude that N.C. Gen. Stat. § 14-306.4 is not a restriction on speech. I further conclude that plaintiffs cannot challenge section 14-306.4 for vagueness; plaintiffs have failed to establish a violation of their rights to equal protection under the law; and plaintiffs have failed to establish a claim of selective prosecution. Accordingly, I would affirm the trial court's order.

## A. Regulation of Speech

Plaintiffs argue that N.C. Gen. Stat. § 14-306.4 is an impermissible restriction of their freedom of speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution and article I, section 14 of the North Carolina Constitution. Specifically, plaintiffs contend that the statute's prohibition of the use of an "entertaining display" in conducting or promoting a sweepstakes is an impermissible content-based restriction on speech, proscribing the manner in which they communicate to a sweepstakes entrant whether the entrant has won a prize.

In *Hest Technologies*, ___ N.C. App. at ___, ___ S.E.2d at ___ (Hunter, J., dissenting), I addressed a similar constitutional challenge to the statute. My reasoning in that case applies to this appeal and leads me to the same conclusion, that N.C. Gen. Stat. § 14-306.4 is a

restriction on conduct, not speech. *Id.; see also Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole County, Fla.*, 783 F. Supp. 2d 1197 (M.D. Fla. 2011) (rejecting a First Amendment challenge to a similar law prohibiting the use of "simulated gambling devices" in sweepstakes concluding the law regulated conduct not speech); *Affiliate 67 v. Seminole County, Fla.*, ___ F. Supp. 2d ___, 2011 WL 3958437 (M.D. Fla. Sept. 8, 2011) (No. 6:11-CV-155-ORL-28DAB) (concluding, on subsequent appeal, that *Brown v. Entm't Merchs. Ass'n*, ___ U.S. ___, ___, 131 S. Ct. 2729, 2733, 180 L. Ed. 2d 708, 714 (2011) did not apply to law prohibiting the use of "simulated gambling devices" in sweepstakes because the law regulated conduct, rather than speech or expressive conduct). Thus, I would overrule plaintiffs' argument that N.C. Gen. Stat. § 14-306.4 is a content-based restriction on protected expression.

## B. Vagueness

Next, plaintiffs contend N.C. Gen. Stat. § 14-306.4 is unconstitutionally vague. Specifically, plaintiffs take issue with the statute's definition of "entertaining display" and its lack of definitions for "visual information" and "game play." Plaintiffs also argue it is impossible to ascertain the type of machine the statute prohibits. I disagree.

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 33 L. Ed. 2d 222, 228 (1972). However, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 41 L. Ed. 2d 439, 458 (1974). As evidenced by plaintiffs' argument that section 14-306.4 applies to them—albeit as a restriction of their speech rather than their conduct—they cannot challenge the statute for vagueness. This is so even under the heightened scrutiny applied to laws implicating First Amendment protections of speech. *Holder v. Humanitarian Law Project*, ___ U.S. ___, ___, 130 S. Ct. 2705, 2719, 177 L. Ed. 2d 355, 375 (2010). Nor can plaintiffs challenge the statute for vagueness as applied to the conduct of others. *Id.* Thus, I would hold plaintiffs' void for vagueness challenge is overruled.

## C. Equal Protection

Plaintiffs also argue that N.C. Gen. Stat. § 14-306.4 violates their rights to equal protection under our federal and state constitutions. Specifically, plaintiffs contend that the statute arbitrarily distinguishes between classes of business using sweepstakes as a promotional tool. I disagree.

SANDHILL AMUSEMENTS, INC. v. STATE ex rel. PERDUE

[219 N.C. App. 362 (2012)]

As discussed above, I have concluded the statute regulates plaintiffs' conduct not their speech. Thus, the statute does not implicate a fundamental right and is subject to a rational basis review. *See Hodel v. Indiana*, 452 U.S. 314, 331, 69 L. Ed. 2d 40, 55 (1981) ("Social and economic legislation . . . that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate governmental purpose."); *Liebes v. Guilford Co. Dept. of Pub. Health*, ___ N.C. App. ___, ___, 713 S.E.2d 546, 553, *disc. review denied*, ___ N.C. ___, 718 S.E.2d 396 (2011).

Here, one of the Legislature's stated purposes in enacting N.C. Gen. Stat. § 14-306.4 was to protect the morals of the inhabitants of our State from the "vice and dissipation" that is brought about by the "repeated play" of sweepstakes due to the use of "simulated game play," similar to video poker, "even when [such game play is] allegedly used as a marketing technique." 2010 N.C. Sess. Law 103. The protection of the morals of our State's inhabitants is a legitimate government purpose. *See State v. Warren*, 252 N.C. 690, 694, 114 S.E.2d 660, 664 (1960) ("The State possesses the police power in its capacity as a sovereign, and in the exercise thereof the Legislature may enact laws, within constitutional limits, to protect or promote the health, morals, order, safety and general welfare of society.") I conclude the State's prohibition of the use of "entertaining displays" that use actual or simulated game play for the promotion and conducting of sweepstakes is rationally related to this legitimate governmental purpose.

That the statute does not prohibit all forms of sweepstakes is not a basis for plaintiffs' constitutional challenge. "[T]here is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied—that the Legislature must be held rigidly to the choice of regulating all or none." *Silver v. Silver*, 280 U.S. 117, 123, 74 L. Ed. 221, 226 (1929) (rejecting an equal protection challenge to a law permitting recovery for injuries by gratuitous passengers injured in automobiles, but not permitting recovery by gratuitous passengers injured in other classes of motor vehicles). "It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs." *Id.* Thus, our Legislature's decision to protect the morals of our State's inhabitants by prohibiting sweepstakes that utilize "entertaining displays" while allowing other forms of sweepstakes is not a valid basis for plaintiffs' equal protection challenge.

368 IN THE COURT OF APPEALS

SANDHILL AMUSEMENTS, INC. v. STATE ex rel. PERDUE

[219 N.C. App. 362 (2012)]

Lastly, plaintiffs' equal protection challenge alleges N.C. Gen. Stat. § 14-306.4 unreasonably restricts their right to earn a livelihood. "The right to work and earn a livelihood is a property right that may not be denied except under the police power of the State in the public interest for reasons of health, safety, morals or public welfare." *Warren*, 252 N.C. at 693, 114 S.E.2d at 663.

In *Warren*, the North Carolina Supreme Court further stated that for the Legislature to utilize the State's police power to enact laws for the regulation of an occupation " '(1) the purpose of the statute must be within the scope of the police power, (2) the act must be reasonably designed to accomplish this purpose, and (3) the act must not be arbitrary, discriminatory, oppressive or otherwise unreasonable.' " 252 N.C. at 694, 114 S.E.2d at 664 (quoting *In re Russo*, 107 Ohio App. 238, 150 N.E.2d 327, 331 (1958)). Here, our Legislature stated that the statute was enacted to protect the morals of the State's inhabitants. 2010 N.C. Sess. Law 103. The purpose of the law is therefore within the scope of the State's police powers. *Warren*, 252 N.C. at 694, 114 S.E.2d at 664. As explained above, I have also concluded the statute is reasonably related to this purpose and is not arbitrary. Thus, I would hold plaintiffs' argument that N.C. Gen. Stat. § 14-306.4 impermissibly restricts their right to earn a livelihood is overruled.

## D. Selective Prosecution

Plaintiffs alternatively allege they are being selectively prosecuted under N.C. Gen. Stat. § 14-306.4. I disagree.

The two-part test to establish a claim of discriminatory selective prosecution requires:

> (1) the defendant must make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not; (2) upon satisfying (1) above, he must demonstrate that the discriminatory selection for prosecution was invidious and done in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*Majebe v. N.C. Bd. of Med. Examiners*, 106 N.C. App. 253, 260-61, 416 S.E.2d 404, 408 (1992) (quoting *State v. Howard*, 78 N.C. App. 262, 266-67, 337 S.E.2d 598, 601-02 (1985), *disc. review denied*, 316 N.C. 198, 341 S.E.2d 581 (1986)).

Plaintiffs contend they are similarly situated to others who have not been prosecuted for operating video games that require the deposit of tokens to activate a machine that dispenses prizes based on chance. Plaintiffs further allege their prosecution was intentionally discriminatory, motivated by a discriminatory purpose—the desire to impede plaintiffs' rights to free speech—and has a discriminatory effect.

Taking plaintiffs' allegations as true in light of defendants' motion to dismiss, *Scheerer v. Fisher*, 202 N.C. App. 99, 102, 688 S.E.2d 472, 474, *disc. review denied*, 364 N.C. 435, 702 S.E.2d 305 (2010), I conclude plaintiffs have failed to allege how they have been singled out for prosecution. The amendments to N.C. Gen. Stat. § 14-306.4 prohibiting the use of "entertaining displays" for conducting or promoting sweepstakes did not become effective until 1 December 2010. 2010 N.C. Sess. Law 103. Yet, plaintiffs moved to amend their complaint seeking declaratory judgment and injunctive relief in September 2010 and the trial court granted defendants' motion to dismiss on 29 November 2010. Thus, plaintiffs' claim of selective prosecution was made and dismissed prior to the effective date of the statutory amendments enacted by the Legislature in 2010 N.C. Sess. Law 103. Plaintiffs have cited no other authority under which their alleged prosecution occurred. As such, I conclude plaintiffs' have failed to state a claim for selective prosecution.

For the foregoing reasons, I conclude the trial court did not err in granting defendants' motion to dismiss plaintiffs' complaint. Accordingly, I would affirm the trial court's order.