IN THE SUPREME COURT OF NORTH CAROLINA

No. 189PA18

Filed 6 December 2019

STATE OF NORTH CAROLINA

v.

KURT ALLEN COREY

On discretionary review pursuant to N.C.G.S. § 7A-31-31 of a unanimous, unpublished decision of the Court of Appeals, No. COA17-1031, 2018 WL 2642772 (N.C. Ct. App., June 5, 2018), affirming, in part, and vacating and remanding, in part, a judgment entered on 15 December 2016 by Judge William R. Bell in the Superior Court, Burke County. Heard in the Supreme Court on 4 March 2019.

*Joshua H. Stein, Attorney General, by Amy Kunstling Irene, Special Deputy Attorney General, for the State-appellant*

*Franklin E. Wells, Jr., for defendant-appellee.*

ERVIN, Justice

The issue that the parties have presented for our consideration in this case is whether the Court of Appeals correctly held that defendant Kurt Allen Corey was entitled to a new hearing concerning the existence of a statutory aggravating factor on the grounds that the trial court failed to conduct a jury instruction conference prior to instructing the jury with respect to the manner in which it should determine whether the relevant aggravating factor did or did not exist. *See* N.C.G.S. § 15A-

1340.16(d)(15) (2017).  Although a careful review of the record reveals that the indictment underlying defendant's conviction for committing a sex offense with a child is fatally defective, we are still required to consider the issues that the parties have presented for our consideration given that the trial court consolidated defendant's conviction for committing a sex offense against a child for judgment with defendant's conviction for taking indecent liberties with a child.  As a result of our conclusion that defendant's indictment for committing a sex offense against a child is fatally defective and our determination that the trial court's erroneous failure to conduct a jury instruction conference prior to submission of the existence of the relevant statutory aggravating factor to the jury did not "materially prejudice" defendant, we arrest judgment with respect to defendant's conviction for committing a sex offense against a child, vacate the trial court's judgment, and remand this case to the Superior Court, Burke County, for resentencing based upon defendant's conviction for taking indecent liberties with a child.

Shannon[1] was born on 16 September 2002.  Shannon's mother married defendant when Shannon was four years old.  After her mother's marriage to defendant, Shannon lived with her mother, her two siblings, and defendant, who assumed the role of Shannon's father in the family household.  When Shannon's mother and defendant briefly separated in 2009, Shannon and her two siblings

---

[1] The victim in this case will be referred to as "Shannon," which is a pseudonym used to protect the victim's identity and for ease of reading.

resided with defendant until Shannon's mother returned to the family home once the separation had ended.

From 2009 through 2014, defendant forced Shannon to engage in oral sex, vaginal intercourse, and anal sex while Shannon's mother was at work. Dr. Terry Hobbs, a pediatrician who was qualified as an expert in the field of sexual assault forensics, examined Shannon. Based upon the results of this examination, Dr. Hobbs testified that Shannon's demeanor and attitude were consistent with those of a person who had suffered a traumatic event and that, in his opinion, Shannon had experienced "constipation encopresis," a condition consistent with the occurrence of sexual abuse.

On 16 August 2014, Shannon informed her grandmother that defendant had regularly engaged in sexual activity with her from the time that she was six years old until the date in question. Shortly thereafter, Shannon's grandmother told Shannon's mother about Shannon's accusations against defendant. On 18 August 2014, Shannon's mother reported the allegations that Shannon had made against defendant to a representative of the Caldwell County Sheriff's Office.

On 1 December 2014, the Burke County grand jury returned bills of indictment charging defendant with two counts of rape of a child, two counts of committing a sexual offense with a child, and two counts of taking indecent liberties with a child, with one of these rapes, sex offenses, and indecent liberties alleged to have taken place in 2009 and the other rape, sex offense, and indecent liberties alleged to have

taken place in 2013. The count of the indictment returned against defendant for the purpose of charging him with committing a sex offense against a child in 2013 alleged that "on or about the date of offense shown [calendar year 2013] and in the county named above [Burke] the defendant named above [Kurt Allen Corey] unlawfully, willfully, and feloniously did engage in a sexual act with Victim #1, a child who was under the age of 13 years, namely 10 – 11 years of age," and that, "[a]t the time of the offense the defendant was at least 18 years of age." On 24 May 2016, the State notified defendant that the State intended to prove the existence of the statutory aggravating factor that "[t]he defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense" set out in N.C.G.S. § 15A-1340.16(d)(15) in the event that defendant was convicted of committing any felony offense.

The charges against defendant came on for trial before the trial court and a jury at the 12 December 2016 criminal session of the Superior Court, Burke County. On 15 December 2016, the jury returned verdicts acquitting defendant of committing a sex offense against a child in 2009, of both counts of rape, and of taking indecent liberties with a child in 2009 and convicting defendant of committing a sex offense against a child and taking indecent liberties with a child in 2013. After accepting the jury's verdict, the trial court convened a proceeding for the purpose of determining whether the aggravating factor of which the State had given defendant notice existed. Neither the State nor the defendant presented additional evidence at this sentencing-

related proceeding. At the conclusion of this additional proceeding, the jury found as an aggravating factor that "defendant took advantage of a position of trust or confidence . . . to commit the offense." Based upon the jury's verdicts and its own determination with respect to the calculation of defendant's prior record level, the trial court consolidated defendant's convictions for judgment, determined that defendant should be sentenced in the aggravated range, and sentenced defendant to a term of life imprisonment without the possibility of parole. Defendant noted an appeal from the trial court's judgment to the Court of Appeals.

In seeking relief from the trial court's judgment before the Court of Appeals, defendant argued, among other things, in reliance upon that Court's decision in *State v. Hill*, 235 N.C. App. 166, 760 S.E.2d 85 (2014), that the trial court had committed reversible error by failing to conduct a jury instruction conference prior to submitting the issue of whether the "position of trust or confidence" aggravating factor existed in this case. On 5 June 2018, the Court of Appeals filed a unanimous, unpublished opinion holding that the trial court had committed reversible error by failing to conduct a jury instruction conference before submitting the "position of trust or confidence" aggravating factor to the jury given that defendant had not been provided with an adequate opportunity to object to the instructions that the trial court delivered to the jury concerning the manner in which it should determine whether that aggravating factor existed. *State v. Corey*, No. COA17-1031, slip op. at 2, 2018 WL 2642772, at *1 (N.C. Ct. App., June 5, 2018). In reaching this result, the Court

of Appeals focused its analysis upon N.C.G.S. § 15A-1231(b), which the Court of

Appeals had determined to require that

> "Before the arguments to the jury, the judge must hold a
> recorded conference on instructions out of the presence of
> the jury. At the conference the judge must inform the
> parties of the offenses, lesser included offenses, and
> affirmative defenses on which he will charge the jury and
> must inform them of what, if any, parts of tendered
> instructions will be given. A party is also entitled to be
> informed, upon request, whether the judge intends to
> include other particular instructions in his charge to the
> jury. The failure of the judge to comply fully with the
> provisions of this subsection does not constitute grounds
> for appeal unless his failure, not corrected prior to the end
> of the trial, materially prejudiced the case of the
> defendant."

*Hill*, 235 N.C. App. at 170, 760 S.E.2d at 88 (quoting N.C.G.S. § 15A-1231(b) (2013)).

In the Court of Appeals' view, defendant was entitled to challenge the trial court's

failure to comply with the requirements set out in N.C.G.S. § 15A-1231(b) (2017) on

appeal even though he had failed to object to any non-compliance with the

requirements of that statutory provision before the trial court, citing *State v.*

*Lawrence*, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000) (stating that, "[w]hen a trial

court acts contrary to a statutory mandate, the defendant's right to appeal is

preserved despite the defendant's failure to object during trial"). In addition, the

Court of Appeals noted that the "material prejudice" necessary to support an award

of appellate relief existed in the event that the trial court failed to conduct any charge

conference addressing the manner in which the trial court should instruct the jury

for the purpose of determining whether the relevant aggravating factor did or did not exist and did not afford the defendant's trial counsel an opportunity to object to the trial court's instructions relating to the relevant aggravating factor before they were delivered to the jury, citing *Hill*, 235 N.C. App. at 172-73, 760 S.E.2d at 90. After reviewing the record, the Court of Appeals determined that the trial court had failed to hold the required jury instruction conference before submitting the "position of trust or confidence" aggravating factor to the jury and had not afforded defendant's trial counsel an adequate opportunity to object to the trial court's instructions concerning the "position of trust or confidence" aggravating factor. *Corey*, slip op. at 6, 2018 WL 2642772, at *2. As a result, the Court of Appeals vacated defendant's sentence and remanded this case to the trial court for a new proceeding to be conducted for the purpose of determining whether the "position of trust or confidence" aggravating factor existed in this case. *Id.* On 21 September 2018, this Court granted the State's request for discretionary review of the Court of Appeals' decision.

In seeking to persuade us to reverse the Court of Appeals' decision, the State argues that the Court of Appeals incorrectly held that the trial court's failure to conduct a jury instruction conference prior to submitting the "position of trust or confidence" aggravating factor to the jury constituted reversible error per se. The State posits that N.C.G.S. § 15A-1231(b) does not create a statutory mandate which can support an award of appellate relief in the absence of a contemporaneous objection at trial, citing *State v. Young*, 368 N.C. 188, 207, 775 S.E.2d 291, 304 (2015).

In addition, while a defendant can seek relief on the basis of a trial court's failure to comply with a statutory mandate without having taken any action before the trial court in order to preserve the alleged error for purposes of appellate review, the existence of such a statutory mandate does not absolve the defendant from the necessity for establishing that the trial court's error was prejudicial, citing *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985). As a result, even if it was error for the trial court to fail to hold a jury instruction conference prior to submitting the issue of whether the "position of trust or confidence" aggravating factor existed in this case to the jury, the State contends that the Court of Appeals was still required to find that the trial court's error resulted in "material prejudice" to defendant before overturning the trial court's judgment.

Moreover, the State argues that, in order to demonstrate "material prejudice," defendant was required to show the existence of a reasonable possibility that, had the error in question not occurred, a different result would have been reached at the sentencing proceeding, citing N.C.G.S. § 15A-1443(a) (providing that "[a] defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises"). According to the State, defendant cannot show that the trial court's erroneous failure to hold a jury instruction conference prior to submitting the issue of whether the "position of trust or confidence" aggravating

factor existed to the jury "materially prejudiced" him given that the trial court correctly instructed the jury concerning the circumstances under which it should and should not find the existence of the "position of trust or confidence" aggravating factor, given that the trial court's instructions with respect to that issue tracked the language of N.C.G.S. 15A-1340.16(d)(15), and given that the record contained overwhelming evidence tending to show the existence of the "position of trust or confidence" aggravating factor in this case, citing *e.g., State v. Tucker*, 357 N.C. 633, 639, 588 S.E.2d 853, 857 (2003) (stating that "[a] parent-child relationship is also indicative of a position of trust and such evidence supports the aggravating factor of abusing a position of trust"). As a result, the State urges us to reverse the Court of Appeals' decision on the grounds that any error that the trial court might have committed by failing to hold a jury instruction conference prior to submitting the issue of the existence of the "position of trust or confidence" aggravating factor to the jury did not result in "material prejudice" to defendant.

In defendant's view, on the other hand, N.C. Gen. Stat. § 15A-1231(b) establishes a statutory mandate requiring trial judges to conduct a separate jury instruction conference before instructing the jury concerning the manner in which it should determine whether a particular statutory aggravating factor does or does not exist. Defendant argues that the Court of Appeals has held that no showing of prejudice is a necessary prerequisite to an award of appeal relief when the trial judge completely fails to comply with the requirements set out in N.C.G.S. § 5A-1231(b),

citing *Hill*, 235 N.C. App. at 173, 760 S.E.2d at 90. The defendant argues that, in this case, as in *Hill*, the trial court failed to conduct any jury instruction conference before submitting the issue of the existence of the "position of trust or confidence" aggravating factor to the jury, entitling defendant to relief from the jury's decision to find the existence of the relevant aggravating factor regardless of whether the trial court's error resulted in "material prejudice" to defendant.

In addition, defendant contends that, even if a showing of "material prejudice" is required, he has made such a showing in this case. According to defendant, the trial court simply read the relevant language from N.C.G.S. § 15A-1340.16(d)(15) to the jury without defining either a "position of trust" or a "domestic relationship" and failed to inform the jury that the "position of trust or confidence" aggravating factor had to arise from the relationship between Shannon and defendant and only existed in "very limited circumstances," citing *State v. Mann*, 355 N.C. 294, 319, 560 S.E.2d 776, 791 (2002). In defendant's view, the trial court's failure to conduct a jury instruction conference prior to submitting the issue of the existence of the "position of trust or confidence" aggravating factor to the jury precluded defendant from objecting to the trial court's failure to include such information in the instructions that were provided to the jury relating to the relevant aggravating factor. As a result, defendant contends that the necessary "material prejudice" existed in this case, so that the Court of Appeals did not err by determining that he was entitled to a new

hearing concerning the existence of the "position of trust or confidence" aggravating factor in this case.

As an initial matter, we are obligated to determine, on our own motion, the extent to which the trial court and this Court had jurisdiction over this matter. According to N.C.G.S. § 15-144.2(b) (Supp. 2018), "[i]f the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child, and concluding as required by law," with "[a]ny bill of indictment containing the averments and allegations named in this section [being] good and sufficient in law as an indictment for a sex offense against a child under the age of 13 years." As we have already noted, the count of the indictment returned against defendant for the purpose of charging him with committing a sex offense against a child in 2013 alleged that defendant had committed the crime charged against "Victim # 1." Earlier this year, this Court held that the "use of the phrase 'Victim # 1' does not constitute 'naming the child' " as required by N.C.G.S. § 15-144.2(b), with the fact that the victim is named in other portions of the record, such as "the arrest warrant, original indictment, and proceedings at trial," being insufficient to excuse the State's failure to name the victim as required by N.C.G.S. § 15-144.2(b) given that the "facial validity [of an indictment] 'should be judged based solely upon the language of the criminal pleading in question without giving any consideration to the evidence that is ultimately offered in support of the accusation contained in that

pleading,' " *State v White*, 372 N.C. 248, 252–54, 827 S.E.2d 80, 83–84 (2019) (quoting *State v. Ellis*, 368 N.C. 342, 347, 776 S.E.2d 675, 679 (2015); *see also State v. Benton*, 275 N.C. 378. 382, 167 S.E.2d 775, 777 (1969) (stating that " '[a] charge in a bill of indictment must be complete in itself, and contain all of the material allegations that constitute the offense charged,' " with "allegations in the warrant on which defendant was originally arrested" being insufficient "to supply a deficiency in the bill of indictment" (quoting *State v. Guffey*, 265 N.C. 331, 333, 144 S.E.2d 14, 17 (1965), and citing 42 C.J.S., *Indictments and Informations* § 108, p. 990)); *State v. Loesch*, 237 N.C. 611, 612, 75 S.E.2d 654, 655 (1953) (stating that " '[a]n indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself' ") (quoting *State v. Jackson*, 218 N.C 373, 375, 11 S.E.2d 149, 150 (1940)). Thus, an indictment purporting to charge the defendant with committing a sex offense against "Victim # 1," without otherwise naming the victim, is "facially invalid." *White*, 372 N.C. at 254, 827 S.E.2d at 84. As a result, given that "[a] valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony," *State v. Rankin*, 371 N.C. 885, 886, 821 S.E.2d 787, 790 (2018) (quoting *State v. Campbell*, 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015)), and given that the Court is obligated to address jurisdictional deficiencies regardless of whether they are brought to its attention by the parties or not, *State v. Fowler*, 266 N.C. 528, 530, 146 S.E.2d 418, 420 1966) (stating that "[t]he court cannot properly give judgment unless it appears in the record that an offense is sufficiently

charged" and that "[i]t is the duty of this Court to look through and scrutinize the whole record, and if it sees that the judgment should have been arrested, it will *ex mero motu* direct it to be done") (citing *State v. Strickland*, 243 N.C. 100, 103, 89 S.E.2d 781, 784 (1955);[2] *State v. Thorne*, 238 N.C. 392, 396, 78 S.E.2d 140, 142 (1953); *State v. Scott*, 237 N.C. 432, 433–34, 75 S.E. 2d 154, 155 (1953)), we are required by well-established North Carolina law to arrest judgment with respect to defendant's conviction for committing a sex offense against a child in 2013 on our own motion subject to the understanding that "[t]he State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment." *Benton*, 275 N.C. at 382, 167 S.E.2d at 778.

A decision to vacate the judgment that the trial court entered in this case does not, however, eliminate the necessity for the Court to determine whether the trial court committed prejudicial error by failing to conduct a jury instruction conference prior to the submission of the "position of trust or confidence" aggravating factor to the jury given that defendant's conviction for taking indecent liberties with a child in 2013 remains undisturbed. In view of the fact that the trial court consolidated

---

[2] Our decision in *Fowler* refers to this case as *State v. Strickland*, which is how it is titled at the top of the relevant pages in Volume No. 243 of the North Carolina Reports. The table of contents in Volume No. 243 of the North Carolina Reports indicates that both *State v. Strickland* and *State v. Nugent* appear on the page in question. The South Eastern Reporter, however, refers to the case as *State v. Nugent*. Despite these differing names, each involves the same case, with Louis Hardy Strickland being shown as the second of the four defendants involved in the case before the trial court and with Mr. Strickland being the only defendant who sought appellate review of the trial court's judgment by this Court.

defendant's convictions for committing a sex offense against a child and taking indecent liberties with a child in 2013 for judgment and the fact that the sentence embodied in the judgment that the trial court entered at the conclusion of the sentencing proceeding was based upon defendant's sex offense conviction, N.C.G.S. § 15A-1340.22(b) (2017) (providing that, in the event that the trial court elects to consolidate multiple offenses for judgment, "[a]ny sentence imposed shall be consistent with the appropriate prior conviction level of the most serious offense"), the trial court will need to resentence defendant based upon his conviction for taking indecent liberties with a child on remand. The necessity for the trial court to make this resentencing decision, in turn, requires us to ascertain whether there is any legal defect in the jury's determination that the "position of trust or confidence" aggravating factor exists in this case.

According to N.C.G.S. § 15A-1231(b) (2017), prior to "the arguments to the jury, the judge must hold a recorded conference on instructions out of the presence of the jury," at which "the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given." However, N.C.G.S. § 15A-1231(b) also provides that "[t]he failure of the judge to comply fully with the provisions of this subsection does not constitute grounds for appeal unless his failure, not corrected prior to the end of the trial, materially prejudiced the case of the defendant." As the Court of Appeals noted in *Hill*, 235 N.C. App. at 171, 760 S.E.2d

-14-

at 89, the use of mandatory statutory language such as that found in N.C.G.S. § 15A-1231(b) and the importance of the purposes sought to be served by the holding of a jury instruction conference indicates that "holding a charge conference is mandatory" and that "a trial court's failure to do so is reviewable on appeal even in the absence of an objection at trial." In view of the fact that the record clearly establishes that the trial court did not conduct a jury instruction conference or otherwise discuss the manner in which the jury should be instructed concerning the issue of the existence of the "position of trust or confidence" aggravating factor with counsel for the parties before submitting that issue to the jury, we hold, despite defendant's failure to lodge a contemporaneous objection to trial court's non-compliance with N.C.G.S. § 15A-1231(b), that the trial court erred by failing to conduct a jury instruction conference concerning the manner in which the jury should determine the existence or nonexistence of the "position of trust or confidence" aggravating factor before allowing the jury to determine whether that aggravating factor did or did not exist.[3]

---

[3] We do not believe that the fact that N.C.G.S. § 15A-1231(b) requires the trial court to "inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will instruct the jury" supports an inference that no jury instruction conference is necessary outside the context of the guilt-innocence portion of a criminal trial. On the contrary, we are persuaded by the Court of Appeals' reasoning in *Hill*, 235 N.C. at 172, 760 S.E.2d at 89, that the absence of any "specifics of how the trial court should conduct a separate sentencing proceeding" and the absence of any statutory language suggesting the existence of a legislative "intent to mandate a different procedure than that which governs trials of criminal offenses" in sentencing-related proceedings shows that N.C.G.S. § 15A-1231(b) "applies to sentencing proceedings" conducted pursuant to N.C.G.S. § 15A-1340.16(a1).

The Court of Appeals appears to have concluded in *Hill* that the showing of "material prejudice" ordinarily required as a prerequisite for an award of appellate relief arising from a trial court's failure to comply with N.C.G.S. § 15A-1231(b) need not be made in the event that the trial court fails to hold any sort of jury instruction conference at all, citing *Hill*, 235 N.C. App. at 172–73, 760 S.E.2d at 90 (citing *State v. Clark*, 71 N.C. App. 55, 57–58, 322 S.E.2d 176, 177 (1984), *disapproved on other grounds in State v. Moore*, 327 N.C. 378, 395 S.E.2d 124 (1990)), with this implicit distinction between cases in which the trial judge entirely fails to comply with N.C.G.S. § 15A-1231(b) and cases in which the trial court partially complies with N.C.G.S. § 15A-1231(b) appearing to rest upon the use of "fully" in the relevant statutory language. When read literally and in context, however, the reference in N.C.G.S. § 15A-1231(b) to the necessity for the trial court to "comply fully" with the statutory requirement that a jury instruction conference be conducted, instead of distinguishing between a complete and a partial failure to comply with the applicable statutory requirement, is intended to require the making of a showing of "material prejudice" a prerequisite to an award of appellate relief regardless of the nature and extent of the trial court's non-compliance with N.C.G.S. § 15A-1231(b). As a result, to the extent that the Court of Appeals decided in this case that, under *Hill* and *Clark*, a total failure to conduct a jury instruction conference necessitates the holding of a new proceeding for the purpose of determining that a particular aggravating factor exists regardless of whether the defendant did or did not make a showing of "material

prejudice," that decision was erroneous and any earlier decisions to the contrary are overruled.

As we have already noted, N.C.G.S. § 15A-1443(a) (2018) provides that a non-constitutional error is prejudicial in the event that the defendant shows that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." Although the Court of Appeals held that the trial court's error materially prejudiced defendant because the trial court failed to give defendant "the opportunity to object to the instruction on the aggravating factor" and although defendant argues that the trial court's error materially prejudiced him because "[t]he instruction given did not advise the jury that [the 'position of trust and confidence' aggravating] factor arises only from the relationship between the defendant and the victim and applies in 'very limited circumstances,' "[4] we do not find these arguments persuasive. As a practical matter, the logic underlying the Court of Appeals' prejudice determination is tantamount to an assertion that mere non-compliance with N.C.G.S. § 15A-1231(b), standing alone, automatically requires an award of appellate relief. For the reasons set forth above, an automatic reversal rule cannot be squared with the language of

---

[4] In addition to the arguments discussed in the text of this opinion, defendant also contends that the trial court failed to "advise the jury what it must do if one or more jurors did have a reasonable doubt" about the existence of the relevant aggravating circumstance and that "[t]he verdict form . . . contains no instructions about what to do if the answer was '[n]o.'" However, the trial court clearly instructed the jury that, it if failed to find the existence of the "position of trust or confidence" aggravating factor, it should "leave the blank—the space blank with regard to the aggravating factor."

N.C.G.S. § 15A-1231(b). In addition, given that the undisputed, overwhelming evidence contained in the present record tends to show that the victim in this case was defendant's step-child, with the victim having been dependent upon the defendant in various ways; given that defendant has not pointed to anything in the present record that in any way suggests that there is any likelihood that the jury would have relied upon any relationship other than the one between the victim and defendant in the course of finding the existence of the relevant aggravating factor; and given the strength of the evidence tending to show the existence of the "position of trust or confidence" aggravating factor in this case, we are unable to conclude that any of the arguments that defendant has advanced in an attempt to show "material prejudice" have any merit either.[5] Simply put, as this Court has previously noted, "[a] parent-child relationship" of the type revealed by the undisputed evidence in this case "is . . . indicative of a position of trust," with evidence establishing the existence of such a relationship tending to "support[ ] the aggravating factor of abusing a position of trust." *Tucker*, 357 N.C. at 639, 588 S.E.2d at 857 (2003). Thus, for all of

---

[5] Although defendant asserted that the trial court should have included the additional information set out in the text in its sentencing proceeding instructions in his brief before the Court of Appeals, the relevant statements were made in the context of a discussion of the prejudice that resulted from the trial court's failure to conduct a jury instruction conference rather than in the context of an independent challenge to the lawfulness of the trial court's instructions to the jury concerning the existence or non-existence of the aggravating factor delineated in N.C.G.S. § 15A-1340.16(d)(15). As a result, there is no need for this Court to remand this case to the Court of Appeals for consideration of any challenge to the validity of the trial court's instructions to the jury concerning the "position of trust or confidence" aggravating factor.

these reasons, we conclude that the trial court's failure to comply with N.C.G.S. § 15A-1231(b) did not "materially prejudice" defendant, so that defendant is not entitled to any relief from the jury's decision to find the existence of the "position of trust or confidence" aggravating factor in this case.

Thus, for the reasons set forth above, we hold that the indictment underlying defendant's conviction for committing a sex offense with a child in 2013 is fatally defective and that the trial court's judgment with respect to the conviction must be vacated. In addition, we hold that the Court of Appeals erred by determining that the trial court's erroneous failure to conduct a jury instruction conference prior to submitting the issue of whether "defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense" "materially prejudiced" defendant. As a result, the judgment entered by the trial court based upon defendant's consolidated convictions is vacated, judgment is arrested in connection with defendant's conviction for committing a sex offense against a child in 2013, the Court of Appeal's decision that the trial court's failure to hold a jury instruction conference before submitting the "position of trust or confidence" aggravating factor to the jury constituted prejudicial error is reversed, and this case is remanded to the Superior Court, Burke County, for resentencing based upon defendant's conviction for taking indecent liberties with a child, subject to the understanding that the State remains free to recharge defendant with committing a sex offense with a child in 2013 on the basis of a valid indictment.

VACATED IN PART, REVERSED IN PART.

Justice DAVIS did not participate in the consideration or decision of this case.

Justice NEWBY dissenting in part and concurring in result only in part.

For the reasons stated in my dissenting opinion in *State v. White*, 827 S.E.2d 80 (N.C. 2019), I dissent from the portion of the majority opinion that holds the indictment technically flawed. Defendant was fully aware of the identity of the victim, his wife's daughter, and the charges against him. As I stated in *White*, "Once again, a child victim must endure the emotional distress and indignities of another trial because of a purely legal technicality. It is this type of legal gamesmanship which leads to cynicism about whether justice prevails in our criminal justice system." *Id.* at 85.

I concur in result only in part because the statutory language relevant here does not specifically require a formal charge conference during the sentencing phase; thus, the absence of a separate charge conference during the sentencing phase was not error.

Section 15A-1231 governs jury instructions at trial and provides:

> (b)     Before the arguments to the jury, the judge must hold a recorded conference on instructions out of the presence of the jury. At the conference the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. The failure of the judge to comply fully with the provisions of this subsection does not constitute grounds

*Justice Newby dissenting in part and concurring in result only in part.*

> for appeal unless his failure, not corrected prior to the end
> of the trial, materially prejudiced the case of the defendant.

N.C.G.S. § 15A-1231(b) (2017). The text of section 15A-1231 does not mention the sentencing phase of trial or aggravating factors.

Section 15A-1340.16 governs the procedures for determining the existence of aggravating factors during a noncapital sentencing. If the defendant does not admit the existence of an aggravating factor, the State must prove its existence to the jury beyond a reasonable doubt. N.C.G.S. § 15A-1340.16(a), (a)(1) (2017). Section 15A-1340.16(a1) allows the jury to determine if one or more aggravating factors exists in the same trial or at the sentencing phase. N.C.G.S. § 15A-1340.16(a1).

> If the court determines that a separate [sentencing] proceeding is required, the proceeding shall be conducted by the trial judge before the trial jury as soon as practicable after the guilty verdict is returned. . . . A jury selected to determine whether one or more aggravating factors exist shall be selected in the same manner as juries are selected for the trial of criminal cases.

*Id.* Neither the plain language of section 15A-1231(b) nor the plain language of section 15A-1340.16 requires a trial judge to hold another formal charge conference before instructing the jury at a sentencing proceeding to determine the existence of an aggravating factor. It merely requires that the charge conference occur "[b]efore the arguments to the jury" and "out of the presence of the jury." N.C.G.S. § 15A-1231(b).

*Justice Newby dissenting in part and concurring in result only in part.*

Here the same jury that convicted defendant during the guilt-innocence phase found the relevant aggravating factor during the sentencing phase. By holding the charge conference during the guilt-innocence phase, the trial court complied with the statutory requirements that the charge conference occur "[b]efore the arguments to the jury" and "out of the presence of the jury." Further, defendant had been properly notified that the State intended to present an aggravating factor to the jury; he knew the trial court would instruct the jury on the factor. The trial court gave defendant and the State an opportunity to be heard before and after the trial court instructed the jury on the aggravating factor. Defendant did not object. Reading the statute to require an additional charge conference adds to the statutory text. Accordingly, I respectfully dissent in part and concur in result only in part.

Justice MORGAN dissenting, in part, and concurring in the result, in part.

While I agree with my colleagues in the majority that N.C.G.S. § 15-144.2(b) (2017) expressly requires that a short-form indictment for statutory sex offense name the alleged child victim, I must disagree with them that the indictment upon which defendant was found guilty for committing a sex offense against a child in 2013 failed to comport with the statute's requirements. I would find that the indictment at issue is facially valid and, therefore, sufficient to confer jurisdiction upon our courts to adjudicate the case, because the indictment fulfills all of the legal requirements which are required for the validity of the charging instrument. The indictment that this Court determined to be fatally defective in *State v. White*, 372 N.C. 248, 256, 827 S.E.2d 80, 86 (2019), is virtually indistinguishable from the count of the indictment in the present case from which the conviction arose which the majority has vacated, while expressly informing the State that defendant may be recharged with the crime of committing a sex offense against a child. I would embrace and apply the fundamental reasoning of my dissenting opinion in *White*, thereby affirming defendant's conviction of committing a sex offense against a child. My resolution of the jury charge conference issue which this case presents is consistent with the learned majority; however, I find it needless to overrule the Court of Appeals precedent of *State v. Hill*, 235 N.C. App. 166, 760 S.E.2d 85 (2014), *disc. rev. denied*, 367 N.C. 793, 766 S.E.2d 637 (2014) and its significant progeny to reach the same legal conclusion determined by the majority, and would likewise reverse the lower appellate court as to this sentencing matter and remand the case to the superior court

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

for resentencing as dictated.

Section 15-144.2(b) of the North Carolina General Statutes, in delineating the essentials of a short-form indictment for a sex offense, states in pertinent part:

> (b)     If the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child, and concluding as aforesaid [in subsection (a)].

N.C.G.S. § 15-144.2(b) (Supp. 2018). "Any bill of indictment containing the averments and allegations named in this section is good and sufficient in law as an indictment for sex offense against a child under the age of 13 years and all lesser included offenses." N.C.G.S. § 15-144.2(b) (Supp. 2018). Pursuant to N.C.G.S. § 14-27.4A(a) (now recodified as N.C.G.S. § 14-27.28 (2017)), "[a] person is guilty of statutory sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." N.C.G.S. § 14-27.28 (2017).

The majority conveniently disregards the extensive statutory, constitutional, and conceptual developments which allow a measure of practical deviation from the rigid and staid technical requirements imposed on criminal indictments at common law in concluding here that the indictment upon which defendant was found guilty for committing a sex offense against a child was fatally defective. Its taut and unpliant embrace of such archaic principles are demonstrated by the majority's heavy

reliance on *State v. Jackson*, 218 N.C. 373, 11 S.E.2d 149 (1940) and its progeny of cases which were decided by this Court some decades ago. However, more recently this Court has recognized that "we are no longer bound by the 'ancient strict pleading requirements of the common law.' " *State v. Williams,* 368 N.C. 620, 623, 781 S.E.2d 268, 271 (2016) (quoting *State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985)). "Instead, contemporary criminal pleadings requirements have been 'designed to remove from our law unnecessary technicalities which tend to obstruct justice.' " *Id.* The General Assembly has provided that "[e]very criminal proceeding by indictment is sufficient in form for all intents and purposes if it expresses the charge against the defendant in a plain, intelligible, and explicit manner, and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment." N.C.G.S. § 15-153 (2017), *quoted in Williams*, 368 N.C. at 623, 781 S.E.2d at 271 (2016) (emphasis added). Our courts have joined the General Assembly in its efforts to simplify the standard for indictments. *See e.g., State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953). Because "the quashing of indictments is not favored," *State v. James*, 321 N.C. 676, 681, 365 S.E.2d 579, 582 (1988), an indictment is facially valid if it uses "either literally or substantially the language found in the statute defining the offense." *Williams,* 368 N.C. at 626, 781 S.E.2d at 272. Indeed, this Court has determined that "[a]n indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against

him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." *State v. Coker*, 312 N.C. 432, 434, 323 S.E.2d 343, 346 (1984).

In the case at bar, the count of the indictment returned against defendant for the purpose of charging him with committing a sex offense against a child alleged that, "on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did engage in a sexual act with Victim #1, a child who was under the age of 13 years, namely 10 – 11 years of age. At the time of the offense the defendant was at least 18 years of age. This act was in violation of the above-referenced law." In finding that defendant's indictment for sex offense was facially invalid, the majority expressly relies upon its holding in *White* that the "use of the phrase 'Victim #1' does not constitute 'naming the child' " as required by N.C.G.S. § 15-144.2(b). *See White*, 372 N.C. at 248, 827 S.E.2d at 80. However, whether or not the State's use of "Victim #1" was sufficient for purposes of "naming the victim," although relevant, is not as automatically dispositive of the facial validity of the indictment at issue as the majority unfortunately believes. Rather, as earlier noted and as evidenced in our previous holdings, the validity of the indictment depends upon whether defendant was sufficiently apprised of the charge against him. "It is the duty of this Court to look through and scrutinize *the whole record*" in assessing whether "an offense is sufficiently charged." *State v. Fowler*, 266 N.C. 528, 530, 146 S.E.2d 418, 420 (1966).

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

Here, although the State employed an effort to protect the alleged victim's identity by identifying her as "Victim #1" in defendant's indictment for the sex offense at issue, a review of the whole record reveals that defendant was sufficiently apprised of the charges against him. The indictment substantially tracks the critical language of N.C.G.S. § 14-27.4A, the statute under which defendant was charged. The initials of the alleged victim—which our appellate courts and federal courts have deemed sufficient for an indictment to be facially valid—appeared in the arrest warrant that was issued for defendant and which served as a preface for defendant's subsequent indictment for sex offense, as well as in the indictment charging defendant with taking indecent liberties with a child in 2013. *See e.g., State v. McKoy* 196 N.C. App. 650, 657–58, 675 S.E.2d 406, 412, *appeal dismissed and disc. rev. denied*, 363 N.C. 586, 683 S.E.2d 215 (2009) (holding that "[t]he record on appeal demonstrates that [d]efendant had notice of the identity of the victim . . . [because] [t]he arrest warrants served on [d]efendant listed the victim by her initials."); *see also United States v. Wabo*, 290 F.Supp.2d 486, 490 (D.N.J. 2003) (concluding that "the Superseding Indictment contains sufficient factual and legal information for the defense to prepare its case. Although the victims are identified by initials, it is not essential that an indictment identify victims by their given names."). The notice to defendant of the identity of "Victim #1" was so clear and effective that neither he nor his trial counsel raised an issue of any insufficiency or vagueness in the indictment as to the alleged child victim's identity. And while my distinguished colleagues of the majority are

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

correct that this Court may act *ex mero motu* on a matter involving the properness of jurisdiction, it is inescapable to recognize that defendant considered himself to be so apprised of the elements of his alleged crime of committing a sex offense against a child that the issue was not even broached for review by this Court or by the Court of Appeals.

I would find that the effectiveness and sufficiency of the notice given to defendant as to the identity of "Victim #1" in the indictment for sex offense of a minor child, based upon the alleged victim's identity being sufficiently divulged in the documents which are contained in the present record, is readily apparent from the procedural and substantive circumstances at the trial level, and buttressed by the lack of the issue being presented for resolution at the appellate level. With the majority's citation of language excerpted from *White* that the "facial validity [of an indictment] 'should be judged based solely upon the language of the criminal pleading in question without giving any consideration to the *evidence* that is ultimately offered in support of the accusation contained in that pleading,' " 372 N.C. at 254, 827 S.E.2d at 84, the majority erects the proverbial straw man that it easily blows down by conflating the State's *legally sufficient proof* that defendant's stepchild was the indictment's "Victim #1" with the State's *legally sufficient notice* that defendant's stepchild was the indictment's "Victim #1." However, defendant did indeed know the identity of the indictment's "Victim #1" before any evidence was presented at trial,

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

due to the legal sufficiency of the charging instrument and supportive documentation in the record, and illustrated by defendant's familiarity with the State's contentions.

In my view, the majority does not sufficiently justify its determination that the indictment charging defendant with committing a sex offense against a child is facially invalid as to the identification of the alleged child victim as "Victim #1" in light of the achievement of required notice to defendant which protected all of his constitutional rights, while simultaneously satisfying the legal requirements for a valid short-form indictment and salvaging some protection of privacy for the minor child. I would therefore hold that the indictment was facially valid and sufficient to confer jurisdiction upon our courts to adjudicate the case, thus affirming defendant's conviction.

I now turn to the issues that the parties have presented for our consideration. North Carolina General Statutes Section 15A-1231 addresses the subject of jury instructions in criminal jury trials. Subsection (b) of the statute reads as follows:

> Before the arguments to the jury, the judge must hold a recorded conference on instructions out of the presence of the jury. At the conference the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. *The failure of the judge to comply fully with the provisions of this subsection does not constitute grounds for appeal unless his failure, not corrected prior to the end of*

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

*trial, materially prejudiced the case of the defendant.*

N.C.G.S. § 15A-1231(b) (2017) (emphasis added). Section 15A-1340.16(a) of the General Statutes provides a general foundation for the concept of aggravated and mitigated sentences in criminal matters, stating in pertinent part that "[t]he court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate," with "[t]he State bear[ing] the burden of proving beyond a reasonable doubt that an aggravating factor exists." N.C.G.S. § 15A-1340.16(a) (2017). If the defendant does not admit to the existence of an aggravating factor, then only a jury may determine if an aggravating factor is present in an offense. N.C.G.S. § 15A-1340.16(a1). If the jury finds that any aggravating factors exist, then the court may depart from the presumptive range of sentences if the court determines that they outweigh any mitigating factors that are present, and upon such a departure may impose a sentence that is permitted by the aggravated range. N.C.G.S. § 15A-1340.16(b) (2017). A circumstance in the perpetration of a criminal offense that the defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense is statutorily established as an aggravating factor. N.C.G.S. § 15A-1340.16(d) (15) (2017).

I agree with the majority that, regardless of the nature and extent of the trial court's non-compliance with the requirements of N.C.G.S. § 15A-1231(b), defendant is required to show that he was materially prejudiced by such non-compliance in order

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

to be afforded relief on appeal and that defendant failed to demonstrate such prejudice here. However, because the Court of Appeals firmly premised its decision on its precedent embodied in *State v Hill*, 235 N.C. App. 166, 760 S.E.2d 85 (2014) in determining that defendant was materially prejudiced because his trial counsel was not given an opportunity to object to the instructions regarding the aggravating factor before they were given to the jury, I depart from the majority regarding the manner in which I reach the same conclusion that in the present case, defendant was not materially prejudiced by the trial court's failure to conduct a jury charge conference on the submitted aggravating factor. In doing so, my alternative determination would simultaneously distinguish the instant case from *Hill* on their respective procedural facts, thereby preventing the need to overrule *Hill* and its progeny as the majority has seen fit to do.

The Court of Appeals, in deciding *Hill*, deemed it important to accentuate that "in addition to not holding a charge conference, the trial court, contrary to the General Rules of Practice, did not, following his charge to the jury, give counsel an opportunity to object to the charge . . . As a result, defense counsel was unable to have any input into the jury instructions at all." *Hill*, 235 N.C. App. at 173, 760 S.E.2d at 90. The lower appellate court included this circumstance in its ultimate conclusion in *Hill* that defendant experienced material prejudice. On the other hand, however, the trial court in the case at bar provided both defendant and the State with the opportunity to be heard both before *and* after the trial court's instructions to the jury on the

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

aggravating factor. The trial transcript in the present case contains the following

exchange among the trial court, the State's prosecutor Mr. Swanson, and defendant's

counsel Mr. Bostian, immediately after the jury returned its verdicts of guilty and at

the outset of the sentencing phase of the case:

> THE COURT: Okay. Ladies and gentlemen, now that you
> have returned a verdict - - and I didn't know this until you
> - - what - - I had a sense of what your verdicts were or know
> what your verdicts were - - the State in this matter has also
> filed what is called an "aggravating factor."
>
> An aggravating factor is something that the jury has to
> determine whether it exists or not. And if, in fact, the jury
> finds that it does exist, it is something the Court could
> consider in imposing the sentence in this case. I don't know
> whether - -
>
> Are you ready to proceed with that at this point?
>
> MR. SWANSON: Yes, Your Honor, I think they have - - I
> am ready to proceed.
>
> THE COURT: *Are you ready to proceed?*
>
> MR. BOSTIAN: *Yes, Your Honor.*

(emphasis added). Both the State and defendant declined the opportunity to offer

further evidence on the aggravating factor before giving brief statements to the jury.

After instructing the jury, the trial court excused the jury from the courtroom to

deliberate the issue of the existence of the aggravating factor, and the transcript of

the proceedings displays the trial court's invitation to counsel for both sides:

> THE COURT: All right, outside the presence of the jury,
> Defendant is present in open court with his attorney, Mr.

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

> Swanson's here on behalf of the State, the jury having returned those guilty verdicts on two of the six charges, and the State previously having asked the Court to make a determination with respect to the out-of-state Michigan conviction; *is there anything else you want to be heard - - or do you wish to be heard any further on that?*

(emphasis added). Neither defendant nor the State chose to say anything through their respective counsel about the trial court's instruction to the jury on the aggravating factor.

Consistent with the Court of Appeals' emphasis in *Hill* regarding the importance of defense counsel's opportunity at a trial's sentencing phase to be heard following the trial court's jury charge instruction on an aggravating factor in order to prevent a trial court's failure to comply fully with the provisions of N.C.G.S. § 15A-1231(b) from reaching a level of material prejudice to a defendant's case, and our recognition of this essential common trait which *Hill* shares with the instant case, this Court has likewise determined the cases of *State v. Bennett*, 308 N.C. 530, 302 S.E.2d 786 (1983) and *State v. Wiley*, 355 N.C. 592, 565 S.E.2d 22 (2002).

In *Bennett*, we considered the provisions of N.C.G.S. § 15A-1231(b), in conjunction with other statutes and pertinent rules, in assessing the defendant's argument that he was not given the opportunity by the trial court to object to instructions outside the presence of the jury. After charging the jury with its instructions, the trial court asked if there was "anything further from either the State

or the defendant"; the defendant's response was, "Nothing for the defendant." *Bennett*, 308 N.C. at 535, 302 S.E.2d at 789-90. We observed:

> At this time the defendant could have objected to the instructions out of the hearing of the jury or requested that he be permitted to make his objections out of the presence of the jury. The record reveals that the defendant did neither. His failure to object to the instructions cannot, on the record before us, be said to have been caused by the lack of opportunity for the defendant to make his objections out of the hearing of the jury.

*Id.* *Wiley* presented another opportunity for this Court to examine the operation of N.C.G.S. § 15A-1231(b) where the issue of material prejudice was raised with regard to a jury charge conference and counsel's ability to be heard concerning a trial court's instructions. We cited our holding in *State v. Wise*, 326 N.C. 421, 390 S.E.2d 142, *cert. denied*, 498 U.S. 853, 111 S. Ct. 146, 112 L. Ed. 2d 113 (1990) as controlling the outcome in *Wiley* in determining that, where both sides indicated that they were satisfied with the jury charge, defendant cannot show material prejudice from a trial court's failure to comply fully with provisions of N.C.G.S. § 15A-1231(b) if the defendant had the opportunity to object to the charge but declined to do so. *Wiley*, 355 N.C. at 630, 565 S.E.2d at 49 (2002).

The important aspect of defense counsel's opportunity at a trial's sentencing phase to be heard following the trial court's charge to the jury is a critical trial level juncture which was not afforded to the defendant in *Hill* but was undoubtedly offered to defendant in the current matter. This distinguishing feature provides a sufficient

*Justice Morgan dissenting, in part, and concurring in the result, in part.*

rationale upon which to find that defendant's case was not materially prejudiced under N.C.G.S. § 15A-1231, that the statute's interpretation afforded by *Hill* from the Court of Appeals and *Hill's* predecessors of *Wiley* and *Wise* from this Court in construing the content and applicability of N.C.G.S. § 15A-1231(b) is sound, and that *Hill* and its progeny—coupled with their foundation which is consistent with this Court's precedent regarding similar issues under N.C.G.S. § 15A-1231(b)—are procedurally distinguishable in evaluating trial proceeding occurrences such that it is needless to overrule *Hill* and its guiding principles.

Based on the foregoing observations, I would reverse the Court of Appeals on all issues, while accordingly reinstating defendant's conviction for the offense of committing a sex offense against a child and the trial court's resulting judgment.